[1] Reported in 274 N.W. 621.
The question in this case is whether the claims allowed below were barred by the statute of limitations. The claims were filed within the time limited for the filing of claims by the order of the probate court and within five years after the death of the decedent. The claims are based on certain notes which matured in August, 1928. The decedent died in October, 1932. Administration was granted on his estate in December, 1935. The claims were filed in April, 1936. The administrator contends that the claims, being on contract, are barred by 2 Mason Minn. St. 1927, § 9191(1), which provides that actions upon contract shall be barred unless commenced within six years, and that the claims were not allowable in probate because of the provisions of § 103 of the probate code (L. 1935, c. 72, 3 Mason Minn. St. 1936 Supp. § 8992-1, et seq.), *Page 471 
which provides that no claim shall be allowed which is barred by the statute of limitations when filed. Claimant contends that the claim was not barred by § 9191(1) because that statute applies only to actions at law and not to probate proceedings; that, if the statute had not run during the decedent's lifetime, it was no bar; and that, upon decedent's death, the claim could be barred only by § 107 of the probate code, which provides that "no claim against a decedent shall be a charge upon his estate unless filed in the probate court within five years after his death * * *." It is contended that this section is the only statute of limitations applicable to the filing of claims not barred during the lifetime of the decedent.
The statute of limitations relating to the commencement of actions does not apply to the filing and presenting of claims in probate. O'Mulcahey v. Gragg, 45 Minn. 112, 47 N.W. 543. Therefore the claim is not barred by § 9191(1). In O'Mulcahey v. Gragg, supra, two claims upon foreign judgments were filed in probate, one 22 years and the other 31 years after the respective claims arose. It was not shown that either claim was barred during the lifetime of the decedent. It was contended that these claims should not be allowed under G. S. 1878, c. 53, § 9, which was substantially the same as § 103 of the present probate code and which prohibited the allowance of claims in probate which were barred by the statute of limitations when filed. The case arose prior to the adoption of the probate code of 1889 and was decided by this court subsequent thereto, in 1890. At the time the claim was filed there was no statute of limitations barring claims after the death of the decedent. It was held that if the claims had been barred during the decedent's lifetime they were barred in probate and could not be allowed; but, if they were not barred during his lifetime, the statute of limitations relating to the commencement of actions (the statutory predecessor of § 9191) did not apply. It is stated in the opinion [45 Minn. 114]:
"The statute of limitations did not apply to proceedings to enforce claims against the estates of deceased persons, but only to actions. * * * Such claims must be presented and proved in *Page 472 
the manner prescribed by the statute. So that, when not fixed by the probate court limiting the time for presenting claims, there was, prior to the Probate Code, no statute which barred a claim, not barred at the time of the death, no matter how long after the death it might be presented. In these cases the claims were not presented till 14 years after the death. So far as any statute bars the right to present them, it would have been the same had they been presented 50 years after the death."
It was held however that the claims were barred by laches.
The probate code adopted in 1889 remained in force until the adoption of the present probate code. Section 107 of the probate code of 1889 was in substantially the same language as the same section in the present code. L. 1889, c. 46, § 107. See 2 Mason Minn. St. 1927, § 8815. It was adopted to limit the time within which claims not barred during the lifetime of the decedent might be asserted against his estate. It remedied the situation disclosed in O'Mulcahey v. Gragg, 45 Minn. 112,47 N.W. 543, that there was no such statute of limitations. This statute absolutely bars a claim required to be filed, if not filed within five years after the death of the decedent. Granger v. Harriman, 89 Minn. 303, 94 N.W. 869. 2 Mason Minn. St. 1927, § 9203, relates only to the time within which actions may be brought by or against representatives of deceased persons and does not apply to proceedings to establish claims against estates in the probate court.
The contention of the administrator that the claims are barred by § 9191(1) is not sustained. The probate code is complete in itself insofar as it fixes the time within which claims against estates may be filed or barred. By § 103 no claim which was barred during the lifetime of the deceased may be allowed. By § 107 a claim not barred during the lifetime of the deceased is required to be filed within five years after his death, and within the time limited by the order of the probate court for the filing of claims under § 100. In this case the claims were not barred during the lifetime of the decedent. His death took the claims out of the general statute of limitations and made them subject to § 107 of the probate code. *Page 473 
The claims were filed within the five years allowed by that section and within the time limited for the filing of claims by the order of the probate court. They were properly allowed.
The judgment is affirmed.