[File No. 6881.]

THE MICHIGAN TRUST COMPANY, a Corporation, and Marion L. Young, Co.-administrators Cum Testamento Annexo of the Estate of Orison Young, Deceased, Appellants, v. O. YOUNG CHAFFEE, Respondent.

(11 NW(2d) 108, 149 ALR 1078)

Opinion filed September 28, 1943

*Burtness & Shaft,* for appellants.
*Bangs, Hamilton & Bangs,* for respondents.

CHRISTIANSON, J. This is an appeal from a judgment entered pursuant to an order which sustained a demurrer to the complaint and ordered judgment that the action be dismissed.

The allegations of the complaint material to a consideration of the questions presented on the appeal may be stated as follows:

"That the plaintiff, The Michigan Trust Company, is a corporation duly organized and existing under the laws of the State of Michigan with its sole and principal place of business at the City of Grand Rapids, in the State of Michigan.

"That on or about the 24th day of January, 1941, one Orison Young died at Grand Rapids, Michigan, testate. That the said Orison Young had actually resided for many years prior to his death at Grand Rapids, in the State of Michigan, but had apparently regarded Grand Forks, in the State of North Dakota, as his legal domicile.

"That thereafter in proceedings duly had in the County Court of Grand Forks County, North Dakota, a written instrument dated Sept. 24, 1940, was duly admitted to probate as his last will and testament and said Court appointed the First National Bank in Grand Forks, Orison Young Chaffee and Carther Jackson, all of Grand Forks, N. Dak., as executors of such last will and testament; that the persons so appointed promptly qualified as such executors and are now acting as such.

"That thereafter in proceedings duly had in the Probate Court for the County of Kent, State of Michigan, said instrument was likewise duly admitted to probate as the last will and testament of said deceased, and the plaintiffs herein, namely The Michigan Trust Company, and Marion L. Young, both of Grand Rapids, Michigan, were appointed by said Court as co-administrators cum testamento annexo of the estate of said deceased, whereupon said plaintiffs duly qualified as such and received letters of testamentary administration on May 29, 1941; that ever since said date they have been and now are the duly qualified and acting co-administrators cum testamento annexo of said estate in the ancillary proceedings pending in the Probate Court of Kent County, Michigan.

"That under and by virtue of such letters and of the law, said plaintiffs as such administrators have full power and authority and are obligated to administer all and singular the goods, chattels, rights, credits and estate of said deceased, which might at any time come into their possession, and to recover and receive all the goods, chattels, rights, credits and estate whatsoever of said deceased so coming into the possession of plaintiffs, which at the time of decedent's death belonged to him."

That the defendant, for a valuable consideration made, executed and delivered to the said Orison Young five certain promissory notes (the dates of the execution and delivery and the amounts, maturities, and rate of interest of each of such notes are fully stated); that such promissory notes (as shown by the dates of their maturities) are past due; that no part of any of such notes had been paid by the defendant prior to the death of said Orison Young; that all of such notes were at the time of the death of said Orison Young physically located and situated in the State of Michigan and were among the assets "which, upon the qualification of plaintiffs as such administrators, came into their possession" and that said notes ever since have remained and are now in possession of plaintiffs herein; that the defendant O. Young Chaffee is one and the same person as Orison Young Chaffee hereinbefore referred to as one of the executors of the Estate of said deceased, appointed as such in the County Court of Grand Forks County, N. Dak.; that the plaintiffs in this action as such administrators are the owners and holders of said notes, no part of which have been paid by the defendant, although payment thereof has been demanded, and that the defendant is indebted to the plaintiffs herein in the sum alleged in the complaint (which amounts to the principal sum of such notes, with interest thereon according to their terms).

The defendant demurred to the complaint on the grounds: (1) that the plaintiffs have no legal capacity to sue; (2) that there is a defect of parties plaintiff; and, (3) that the complaint does not state facts sufficient to constitute a cause of action. The contentions of the defendant and the argument in support of the several grounds of demurrer resolve to this: That the executors appointed by the County Court of Grand Forks County in this state have title to the promissory notes

in suit; that action to enforce such notes can be maintained only by such executors; that they are the real parties in interest, and that the plaintiffs, co-administrators appointed in the ancillary proceeding by the Probate Court of Kent County, Michigan, have no interest in or title to the notes and have no authority to maintain the action.

The district court sustained the demurrer, and ordered judgment to be entered dismissing the action. Judgment was entered accordingly, and plaintiffs have appealed.

The statutes of this state (§§ 7395, 7397, N. D. Comp. Laws 1913) provide that "every action must be prosecuted in the name of the real party in interest," but that "an executor or administrator . . . may sue without joining with him the person for whose benefit the action is prosecuted."

Letters testamentary or of administration have no legal force or effect beyond the territorial limits of the state in which they are granted. Whatever effect is given to them beyond the original territory of the grant is a mere matter of comity. 21 Am Jur 852, 853, Executors and Administrators; 34 CJS, pp 1232, 1245.

It is well settled that unless such right is given by statute, an executor or administrator cannot sue, in his representative capacity, in any state or country other than that where his letters testamentary or of administration were granted. 34 CJS p 1256; Am Law Inst Restatement, Conflict of Laws, § 507.

In this state the right to sue has been conferred upon foreign representatives by chapter 212, Laws 1927, which provides: "Any foreign executor, administrator or guardian may commence and prosecute or defend a civil action or proceeding in this state, in his representative capacity, in the same manner and under the same restrictions as in case of a resident; provided, that before commencing or defending such action he shall file an authenticated copy of his appointment as such executor, administrator or guardian in the office of the Clerk of the District Court of the County in which such action is to be or has been commenced."

Upon his appointment and qualification, an ancillary representative becomes vested with title to all assets belonging to his decedent within the jurisdiction of his appointment. As to such assets, his title super-

sedes that of the domiciliary representative, and it is his duty to re-
ceive and gather in such assets. 34 CJS, pp 1242, 1244; 21 Am Jur
855, Executors and Administrators.

There is considerable contrariety of opinion and confusion in the
authorities as to the right of domiciliary and ancillary representatives,
respectively, to receive or enforce payment of a negotiable instrument.
3 Beale, Conflict of Laws, pp 1480 et seq. Generally speaking, the au-
thorities present three principal conflicting views:—

1. That notwithstanding the appointment of a representative else-
where, and irrespective of who has possession of the note, payment may
be made to, or enforced by, the representative appointed at the domicil
of the debtor and he can give good acquittance therefor.

2. That notwithstanding the appointment of a representative at the
domicil of the debtor, payment may be made to and (if restrictions
against suits by foreign representatives have been removed) enforced
by the representative appointed at the domicil of the decedent creditor,
at least if there are no local creditors of the estate.

3. That the representative having possession of the note is the one
to whom payment may be properly made, and (if restrictions against
suits by foreign representatives have been removed) such representa-
tive may maintain suit upon the note wherever jurisdiction can be
obtained over the person or property of the defendant. 21 Am Jur
857, Executors and Administrators; Am Law Inst Restatement, Con-
flict of Laws, pp 584, 585, 614.

The third rule gives effect to the mercantile conception of nego-
tiable paper and the status of a negotiable instrument under the nego-
tiable instruments law, and has been referred to as the "mercantile
view." 3 Beale, Conflict of Laws, p. 1481. This rule has been ap-
proved by the American Law Institute, and, also, by at least one
eminent legal writer, as well as by courts. Am Law Inst Restatement,
Conflict of Laws, §§ 479, 509, pp. 584, 585, 614; 3 Beale, Conflict of
Laws, pp. 1481 et seq.; Smith v. Normart, 51 Ariz 134, 75 P(2d)
38, 114 ALR 1456, and note on pages 1468 et seq.

In the Restatement of the Law of Conflict of Laws adopted and
promulgated by the American Law Institute, the rule is stated as fol-
lows:

"Section 479. Payment to Administrator in Possession of Negotiable Instrument of Claim Represented By It.

"(1) The administrator in possession of a negotiable instrument belonging to his decedent is entitled to payment thereof, and only such administrator or his transferee is so entitled.

"(2) Payment of a claim represented by a negotiable instrument to any administrator, or the transferee of any administrator of the decedent, who presents and surrenders such negotiable instrument, operates as a quittance to the debtor making such payment."

(Comment under the rule is:

"a. What constitutes a negotiable instrument . . . is defined by the law of negotiable instruments. . . .

"b. The right of an administrator in possession of a negotiable instrument is the same as that of his decedent. The administrator as holder of the instrument acquires no greater rights than the decedent had. An action upon a negotiable instrument can be brought only by the person in possession of the instrument.") Restatement of the Law, Conflict of Laws, pp. 584, 585.

"Section 509. An administrator in possession of a negotiable instrument, share certificate, or negotiable warehouse receipt or bill of lading belonging to the decedent, and only such administrator, can sue upon the duty represented by such document wherever jurisdiction can be secured over the debtor or his property." Restatement of the Law, Conflict of Laws, p. 614.

We are agreed that the rule approved by the American Law Institute is the sounder and more logical view and we approve and adopt that rule. A negotiable note constitutes property. It is subject to sale and transfer and when transferred in accordance with the law providing therefor, the purchaser acquires at least the same rights that the payee had. "An endorsement of the paper carries the contract to the endorsee. An endorsement in blank passes the debt from hand to hand so that whoever has the paper has the debt." Wheeler v. Sohmer, 238 US 434, 439, 58 L ed 1030, 1037, 34 S Ct 607.

A negotiable promissory note constitutes property within the state where it has been placed by the decedent and is located at the time

of his death and is subject to probate and to inheritance taxes in such state. Iowa v. Slimmer, 248 US 115, 63 L ed 158, 39 S Ct 33.

According to the complaint, the notes in suit were in Michigan at the time the decedent died in that state. They were property which the plaintiffs, as representatives of the decedent, were required to take into their possession, and did take into their possession, as a part of the estate which they had been appointed to administer. If the Probate Court in Michigan had ordered the notes to be sold and the plaintiffs had sold and transferred them to a purchaser, such purchaser, according to the weight of authority, would have been entitled to maintain suit thereon against the maker. 34 CJS 1247; 3 Beale, Conflict of Laws, p. 1485.

The respondent contends, however, that chapter 212, Laws 1927, which we have quoted above, does not apply in a case where a representative has been appointed in this state. In respondent's brief, the contention is stated thus: "It is our opinion that the North Dakota Law permitting foreign representatives to sue in North Dakota is limited to cases where the property right sued upon is property that properly belongs to the foreign Estate, and there is no representative of the Estate in North Dakota."

We are unable to agree with respondent's contention. In some states the statutes expressly restrict the right of a foreign representative to sue to cases where no local representative has been appointed. 34 CJS p. 1261.

That is true of our sister state, South Dakota, and also of the state of Nebraska. See S. D. Laws 1901, p. 206, chap. 124; Germantown Trust Co. v. Whitney, 19 SD 108, 102 NW 304; Neb. Rev. Stat. 1913, § 1426; Neb. Comp. Stat. 1929, § 30–807; Boehmer v. Heinen, 138 Neb 376, 293 NW 237.

The South Dakota statute contains this provision: "In case any executor or administrator shall have been appointed in this state, such person only shall be entitled to commence, prosecute, or defend actions in this state in his capacity as executor or administrator." The Nebraska statute provides: "In case any executor or administrator shall have been appointed in this state, such person only shall be en-

titled to commence and prosecute actions or suits within this state in his capacity as such executor or administrator."

Chapter 212, Laws 1927, contains no such provision. It says: "Any foreign executor, administrator or guardian may commence and prosecute or defend a civil action or proceeding in this state in his representative capacity *in the same manner and under the same restrictions as in case of a resident.*" This language is positive and unambiguous, and contrary to the construction contended for by the respondent.

It follows from what has·been said that the complaint is not vulnerable for any of the reasons asserted by the defendant. The judgment appealed from is reversed and the case is remanded for further proceedings conformable to law.

BURR, NUESSLE, and BURKE, JJ., concur.

MORRIS, Ch. J. (concurring specially). Chapter 212, ND Sess. Laws 1927 confers upon a foreign executor, administrator or guardian .the naked legal right to prosecute or defend civil actions or proceedings in this state. It confers no other rights and does not affect the situs of assets of an estate for purpose of administration.

This is a suit by foreign administrators c.t.a. against a debtor who is a resident of the state of North Dakota. The debt is evidenced by a negotiable instrument found among the decedent's assets in the foreign jurisdiction. I concur in the determination that the foreign administrators being in possession of the instrument are entitled to payment thereof and that chapter 212, ND Sess. Laws 1927 authorizes them to maintain an action thereon against the debtor in this state.

I would guard against any possible implication that chapter 212 may be construed in derogation of the rights of local administrators or creditors. It does not modify the general rule that local assets are to be preserved for the benefit of local creditors. Duehay v. Acacia Mut. L. Ins. Co. 70 App DC 245, 105 F(2d) 768, 124 ALR 1268; Hensley v. Rich, 191 Ind 294, 132 NE 632, 18 ALR 1118.

"Persons domiciled and dying in one country are often deeply indebted to foreign creditors living in other countries, where there are personal assets of the deceased. In such cases it would be a great hard-

ship upon such creditors to allow the original executor or administrator to withdraw those funds from the foreign country without the payment of such debts, and thus to leave the creditors to seek their remedy in the domicil of the original executor or administrator, and perhaps there to meet with obstructions and inequalities in the enforcement of their own rights from the peculiarities of the local law." Story, Conflict of Laws, 8th ed, § 512.

See also, 21 Am Jur 928, Executors and Administrators; 34 CJS p. 1260.