## GRAY REALTY CO. v. ROBINSON.

No. 6987.   Decided August 26, 1947.   (184 P. 2d 237.)

See 37 C. J. Limitation of Actions, Sec. 446. Applicability to existing claims of statute shortening period for filing claims against decedent's estate; and constitutionality of statute as so applied, see note 117 A. L. R. 1208. See also, 21 Am. Jur. 590.

*Zelph S. Calder*, of Vernal, for appellant.

*I. E. Brockbank*, of Provo, for respondent.

LATIMER, Justice.

This is an appeal upon the judgment roll. The pertinent facts are these: J. Robert Robinson died on November 28, 1939, and on October 5, 1940, Mamie C. Robinson, the appellant herein, was appointed the administratrix of his estate. On May 12, 1941, she filed an account and petition for summary distribution to which petition the Gray Realty Company, respondent herein, a creditor of decedent, filed objections. The petition for summary distribution and the protest thereto were heard by the probate court on June 7, 1941, at which time the court denied the petition for summary distribution and continued the matter until such time as it could be definitely determined whether a sum due the decedent as an attorney fee would enlarge the assets of the estate to more than $1,500, in value. It was thereafter determined that this fee did have that effect whereupon on April 25, 1944, the administratrix caused to be published notice to creditors. Within the time specified in the notice the respondent presented its verified claim to the administratrix. On August 24, 1944, respondent herein was notified that its claim was accepted in part and rejected in part. This suit for the collection of the claim was commenced on September 21, 1944.

Respondent's claim is based on an open account in which the court found the last charge therein was made on March 6, 1939. While the claim was not barred by Sec. 104-2-23, U. C. A., 1943, during the lifetime of the debtor, it will be noted that the action was brought more than one year after the appointment of the administratrix and also more than four years after the last charge entered in the open account. Appellant, in defense of the action, pleaded the claim was barred by Sec. 104-2-38, U. C. A., 1943. The lower court held the portion of the respondent's claim that the administratrix rejected should have been approved, and gave judgment against the estate for the amount of the rejected portion. All statutory references are to the Utah Code Annotated, 1943.

This appeal involves the construction of the statutes of limitation in their relation to the provisions of the probate

code. It will be of aid to group some of the applicable provisions.

From the Code of Civil Procedure:

Section 104-2-1.

"Civil actions can be commenced only within the periods prescribed in this chapter, after the cause of action shall have accrued, except where in special cases a different limitation is prescribed by statute."

Section 104-2-23.

"Within Four Years. An action upon a contract, obligation or liability not founded upon an instrument in writing * * * provided, that action in all of the foregoing cases may be comcenced at any time within four years after the last charge is made or the last payment is received."

Section 104-2-38.

"Effect of Death. If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives *after the expiration of that time* and within one year from his death. If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced against his representatives *after the expiration of that time* and within one year after the issue of letters testamentary or of administration." (Italics ours.)

From the Probate Code:

Section 102-9-10.

"No claim must be allowed by the executor or administrator or the judge which is barred by the statute of limitations. * * *"

Section 102-9-12.

"The time during which there shall be a vacancy in the administration must not be included in any limitation herein prescribed. No claim against any estate which has been presented and allowed is affected by the statute of limitations, pending the proceedings for the settlement of the estate."

### Section 102-9-4.

"All claims arising upon contract, whether the same are due, not due or contingent, must be presented within the time limited in the notice, and any claim not presented is barred forever; provided, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court or judge thereof, that the claimant had no notice as provided in this chapter by reason of being out of the state, it may be presented at any time before a decree of distribution is entered; provided further, that nothing in this title contained shall be so construed as to prohibit the foreclosure of liens or mortgages·as hereinafter provided."

### Section 102-9-6.

"When a claim, accompanied by the affidavit required in this chapter, is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the date thereof. * * * If the claim is presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator and by the judge afer the expiration of such time. * * *"

### Section 102-9-9.

"When a claim is rejected, either by the executor or administrator or the judge, and notice of rejection has been filed with the clerk, the holder must bring suit in the proper court against the executor or administrator within three months after the filing of such notice, if the claim is then due, or within two months after it becomes due; otherwise the claim shall be forever barred."

While in this particular action suit was not commenced within the times permitted by either or both Sections 104-2-38 and 104-2-23, U. C. A. 1943, in order to avoid confusion as to the applicable statute, it is appropriate to determine their effect on the time within which suit must be instituted and to interpret their provisions in relation to the provisions of the Probate Code.

Section 104-2-23 permits the creditor the right to commence an action at any time within four years after the last charge is made. Section 104-2-38 provides that an

action may be commenced after the expiration of that time (in this case four years) and within one year after the issuance of letters of administration. These two sections interpreted together and without regard to the provisions of the Probate Code, which will be considered later in this opinion, grant the maximum time within which an action must be commenced. That is, the creditor may have the benefit of the section which permits the maximum length of time within which he must commence his action. By way of illustration, if the debtor were to die on the last day of the fourth year, the creditor would be entitled to start his suit at any time within one year after letters of administration were issued. Again, if the debtor were to die on the last day of the first year and the administrator appointed as soon as possible, the creditor would have the remaining three years of the four year period in which to commence his action regardless of the length of time the administrator had been appointed. These illustrations are not applicable where the claim is one that must be presented to the administrator, since the time for commencing an action can be shortened by Sections 102-9-4 and 102-9-9.

The first part of Section 104-2-38 and Section 104-2-39 offer reasons in support of this interpretation of legislative intent. The wording of the first sentence of Section 104-2-38 is as follows:

"If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced by his representatives after the expiration of that time and within one year from his death."

No convincing reason suggests itself as to why the legislature would intend to shorten the time limited for suit against a wrong doer because the injured party has died. The legislative intent is clear that by such sentence it was intended, in cases where an action vested in a decedent survives, to allow his personal representative the period of limitations prescribed for that particular cause of action in which to bring suit; and that it was intended, further, that though the period of limitation expired prior to one

year after the death of the decedent, nevertheless the action might be brought within that year. If by this wording the legislature did not intend to shorten the limitation period, then by the wording of the latter part of this section it did not intend to cut down the time when a claim existed against the decedent.

Section 104-2-39 provides:

"If a person against whom a cause of action exists dies without the state, the time which elapses between his death and the expiration of one year after the issuing, within this state, of letters testamentary or letters of administration is not a part of the time limited for the commencement of an action therefor against his executor or administrator."

Applying this section to a cause of action, if the debtor departed from the state prior to the expiration of the limitation period and died before returning, the period of time during which he was absent from the state, the period which elapsed before the appointment of an administrator or executor in this state, and a period of one year after such administrator or executor were appointed, could not be considered as part of the time necessary to bar the claim. It was intended by these several sections to extend rather than shorten the limitation period in situations where necessary to make practically effective the right to enforce a cause of action.

Under the interpretation herein adopted, the plaintiff in this proceeding had the right to commence its action within four years of the last charge made or within one year after the appointment of the administratrix; whichever date was the latest. The four year period would have expired on March 6, 1943, and the one year period from the letters of administration would have expired on October 5, 1941. Plaintiff did not commence its action until September 21, 1944, so that the suit was not within the time specified in either section, and the action is barred, unless as plaintiff contends, its right to bring the action has been preserved because of the provisions of the Probate Code which directs the administrator

to publish notice to creditors and permits suit to be started within three months after notice of rejection.

Plaintiff's contention in this regard is untenable and inconsistent with the legislative intent as expressed in the various sections of the statutes and at variance with the underlying purposes of Statutes of Limitations.

Section 104-2-23, which can be designated as a general statute of limitations, is a statute of repose enacted as a matter of public policy to fix a limit within which an action must be brought or the obligation be presumed to have been paid. The underlying purpose is to prevent the unexpected enforcement of stale claims concerning which persons interested have been thrown off their guard by want of prosecution. Logically there is just as much reason to reject a creditor's claim which is barred by Section 104-2-38 as there is for rejecting one because it is barred by Section 104-2-23. In the former instance, the lapse of time can be equal to or greater than the latter, and the longer the period before suit is instituted the more difficult it is to prevent enforcement of questionable and fraudulent claims. To unduly extend the time because a debtor is deceased would defeat the purpose of both of these sections.

Even though the notice to creditors indicated claims could be filed before a given date, this notice did not constitute a waiver or abandonment of defenses available for the administratrix. The plaintiff having permitted its cause of action to be barred by both Sections 104-2-38 and 104-2-23, cannot succeed in this action unless there is a provision in the Probate Code that would revive the claim. It is conceded that a claim barred by Section 104-2-23 prior to the death of the debtor is not and cannot be revived, and no good reason suggests itself why a claim barred by Section 104-2-23 should be revived.

Under 104-2-23 a creditor has the right to institute his action against the debtor on the last day of the four year period. If, however, the debtor has died, there is no one

against whom to institute that action until an administrator or an executor of the estate has been appointed. At common law neither the death of the debtor nor pendency of probate proceedings prevented the statute of limitations from running. Therefore, it is reasonable to assume that Section 104-2-38 was enacted by the legislature to protect creditors who are unable to pursue their remedy, because of inability to proceed, and to fix a reasonable time within which a creditor must commence an action after a representative of the deceased has been appointed. This concession to the creditor, however, does not relieve him of the burden of protecting himself against the loss of his action under 104-2-38. By permitting the time to expire he loses his rights under that section with the same effect and just as certainly as he loses them under 104-2-23, and the bar of one is just as efficacious as the bar of the other. Had the time prescribed by Section 104-2-23 run in favor of the debtor during his lifetime, the administrator under and pursuant to Section 102-9-10 would have been required to reject the claim even though Section 102-9-9 allows action upon rejected claims within three months after the filing of the notice of rejection. And if the time prescribed under both Section 104-2-38 and Section 104-2-23 has run in favor of the debtor or his personal representative, then the administrator is also required to reject the claim. Section 102-9-10 specifically provides that a claim barred by the statute of limitations must not be allowed, and the administrator is not empowered to waive this provision.

The sections of the code under Probate Practice do not in any way lengthen the periods of limitation provided by Sections 104-2-23 and 104-2-38 of the general statute of limitations. They do in certain instances shorten the time by requiring certain claims to be presented to the legal representative within the time set forth in the notice to creditors and by requiring suit to be commenced within 3 month after rejection. In addition, they also set up procedural requirements whereby the winding up of an estate

can be expedited. To expedite probate proceedings is one of the purposes of the Probate Code, and it is for the benefit of both creditors and heirs alike. To eliminate delay in probate is the primary reason for enacting the sections of the statute which provide for notice to creditors, presentation of specified claims within the stated time, suit within three months after rejection, and the provision for the assumed rejection of the claim on the tenth day if the executor or administrator fails to act.

If we were to hold that the provisions of the probate code lengthened the period of the general statutes of limitation we would create confusion in the application of these general statutes to the claims not required to be presented to the personal representative. That is, the appropriate general statute of limitations would apply to claims not required to be presented but would not apply to those requiring presentation. The construction we have adopted is consistent with and not contrary to the so-called non-claim statute (Section 102-9-4) which limits claims required to be filed with the personal representative, to contract claims. Section 104-2-38 not only applies to claims required to be presented to the personal representative; it also applies to claims *not* required to be presented. The structure or arrangement of Chapter 2 of Title 104, which deals exclusively with limitations of action, should be noted. The first part thereof, designated in U. C. A. 1943, as Article I, deals with limitations in general. The second portion, designated in such compilation as Article II, deals with actions relative to real property. The third part, designated as Article III, deals with limitations other than those having to do with actions relative to real property. The last portion, designated as Article IV, has to do with miscellaneous provisions as to limitations. Section 104-2-36 and 104-2-40 of Article IV have to do with the effect of certain specified conditions or facts on the running of the Statute of Limitations. Thus, Section 36 deals with the effect of absence from the state; Section 37 the effect of disability; Section 38 the effect of death; and Section 39

the effect of death of a debtor outside of this state; and Section 40, with the effect of war. This same arrangement or grouping may be found in the Compiled Laws of Utah, 1888, this subject matter being covered by Chapter 2, 3, and 4, of Title II of the Code of Civil Procedure. It would thus appear that the miscellaneous provisions under Article IV have equal effect on all classes of claims and indicates a legistlative intent to have Section 104-2-38 apply to all claims regardless of whether or not the claim need be presented to the personal representative for allowance or rejection.

It has been suggested that the construction herein adopted is not consistent with that part of Section 102-9-4 which permits the filing of a claim after the time specified in the notice to creditors has expired, where the requisite showing is made by an out-of-state claimant. The applicable portion of the section is as follows:

"* * * provided, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court or judge thereof, that the claimant had no notice as provided in this chapter by reason of being out of the state, it may be presented at any time before a decree of distribution is entered * * *."

It has also been suggested that if an appropriate showing is made and the claim rejected, suit may be brought thereon in the time specified as to suits on rejected claims, and that in such situation the general statute of limitations has no application. The foregoing suggestions do not require a different construction of the statute from the one adopted. The proviso merely gives the out-of-state creditor a right to file his claim after the time specified in the notice but modifies to no extent the general statute of limitations. It provides merely that in the circumstances therein defined, the claim may be presented to the administrator after the time limited in the notice; but the question of whether the general statute of limitations has run on the claim is not therein intended to be dealt with. The Supreme Court of Idaho in the case of *Penn Mutual Life Ins. Co.* v. *Beauchamp*, 57 Idaho 530, 66 P. 2d 1020,

1022, so concludes. While in that case, the court did find as a fact that the corporation claimant was within the state at the time of publication of notice to creditors, a construction of a statute which is in all respects the same as ours, is therein made. Said the court:

"The first portion of section 15-604 is a statute of limitations, clearly intended to bar the allowance and payment of all claims not presented within the time expressed in the notice to creditors which, by section 15-602, is fixed at six months after the first publication thereof. The latter part of section 15-604 is a grant to creditors who have not had notice, by reason of being out of the state, of the right to present their claims, for allowance or rejection, at any time before decree of distribution is entered, and nothing more than that can be read into it.

"To construe that section to mean such a creditor may, by making an ex parte application to the probate court, supported by his affidavit, defeat the statute of limitations and deprive the administrator and those financially interested in the estate of its benefits, would be to hold their rights may be adjudicated and they be deprived of their property without opportunity to be heard."

Further on the court says:

"When an appilcation has been made by a creditor to present a claim against the estate of the decedent, after the expiration of the time limited in the notice for presentation of claims, supported by affidavit containing statements which, if true, justify the issuance of an order that such claim may be presented at any time before decree of distribution is entered, an order should be made permitting its presentation. If when presented it is rejected, an action may be commenced to establish the claim against the estate, and the executor or administrator may present any defense thereto he may have, including the statute of limitations contained in section 15-604."

To the same effect is *Tropico Land & Improvement Co.* v. *Lambourn,* 170 Cal. 33, 148 P. 206; and *United States Gypsum Co.* v. *Shaffer,* 7 Cal. 2d 545, 60 P. 2d 998, cited in the opinion of the Idaho court.

Insofar as being affected by a general statute of limitations, a creditor, who had no notice of the time within which to present his claim by reason of being absent from the state, is in the same position as if his claim or cause of action were one which need not be presented to the repre-

sentative of the decedent. He must bring his suit within the period prescribed by the statute applicable to his cause of action, or, if the statutory period expires prior to one year after the appointment of a personal representative, then within that year. Otherwise, his cause of action is barred. True, if his claim is one which must be presented, it must be first presented before suit can be commenced. But the mere grant of a right to present his claim prior to distribution of the estate is not tantamount to a grant of right to recover on a cause of action barred by the general Statute of Limitations. The proviso merely gives an out-of-state creditor an opportunity to present his claim under the conditions or in the circumstances therein expressed.

Section 104-2-38 and the specific limitation statute pertaining to the particular cause of action give the creditor in all cases, except where claims must be presented, the full limitation period within which to bring suit and a period of a year after the appointment of a personal representative. In those cases where claims must be presented, the creditor is given the full limitation period or one year after the appointment of the representative, whichever is the greater, except as both periods are shortened by the statutory notice to creditors. Creditors having claims of either type are therefore amply protected. The purpose of Section 102-9-4 is to require publication of notice to creditors so as to shorten the limitation period, not to lengthen it because of neglect on the part of the representative or delay on the part of the creditor. See *Barclay* v. *Blackinton,* 127 Cal. 189, 59 P. 834; *Branch* v. *Lambert,* 103 Or. 423, 205 P. 995; *In re Garnett's Estate,* 126 Cal. App. 344, 14 P. 2d 572; *Busch* v. *Truitt.* Cal. App., 160 P. 2d 925.

The judgment of the lower court is reversed. Costs to the appellant.

McDONOUGH, C. J. and PRATT and WOLFE, JJ., concur.

WADE, Justice (dissenting).

I *dissent.*

Respondent's claim was based on an open account in which the court found the last charge therein was made on March 6, 1939. Appellant pleaded this claim was barred by the provision of Sec. 104-2-38 (unless otherwise stated all references herein to sections refer to U. C. A. 1943). So far as is pertinent here such section reads:

"* * * If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced against his representatives after the expiration of that time and within one year after the issue of letters testamentary or of administration."

It will be noted that this action was brought more than one year after the appointment of the administratrix and also more than four years after the last charge entered in the open account. Under the provisions of Sec. 104-2-23, an action on an open account must be brought within four years after the last charge or the last payment is received. It is apparent therefore that the general statute of limitations had run before the commencement of the suit.

If the above were the only statutes on limitations with which we need be concerned in determining the question involved herein it would be a simple matter to hold that in accordance with the plain wording of those statutes respondent's action was barred. However, since this involves a claim against a decedent's estate we must determine what effect, if any, the provisions of the probate code relating to claims against an estate have on these general statutes of limitation.

Section 102-9-11 bars the holder of any claim against an estate, other than a mortgage or lien, from maintaining an action thereon without first presenting such claim to the executor or administrator. Section 102-9-1 requires the administrator or executor to publish notice to creditors to present their claims within a specified time, immediately after his appointment and under Section 102-9-2, the time within which such claims must be presented, unless other-

wise ordered by the court, is fixed at four months after publication of the first notice, where the value of the estate exceeds $10,000, otherwise within two months. Section 102-9-4 provides that all claims arising upon contract, must be presented within the time limited in the notice or be forever barred. Section 102-9-6 requires the administrator or executor to endorse on all claims presented to him his allowance or rejection thereof, and to present to the judge all such claims as he allows, who must also endorse thereon his allowance or rejection of such claims. No time is stated within which this must be done, but in case either the executor or administrator or the judge fails to so endorse the claims within ten days after it is presented then the claimant may at his option deem the claim to be rejected. Although it is not expressly so stated in the statute, the effect of this provision would be to allow the claimant to maintain a suit thereon at the expiration of the ten day period unless the claim has been allowed by the executor or administrator and the judge. Under Section 102-9-9, when a claim is rejected, and a notice thereof filed with the clerk, the holder of such claim which is then due must bring suit thereon within three months thereafter, or if the claim is not then due, within two months after it becomes due, or the claim will be forever barred. Under Section 102-9-15, if the executor or administrator and the judge approves the claim it has the same effect as a judgment against the administrator or executor, and must be paid in the course of administration of the estate, and under Section 102-9-12 after such claim is approved it is not affected by the statutes of limitation.

The above provisions of the probate code present an orderly procedure for the determination and establishment of common claims against the estate. There is ample provision for barring all such claims as are not presented within the time prescribed, and for barring action on such claims as are presented in time but are rejected where suit is not commenced within the prescribed period. If we consider these statutes of the probate code alone, then this action was not barred because it was commenced within three

months after the notice of rejection of part of the claim was filed with the clerk. The question with which we are confronted is: Does an action on a claim, which must be presented to an administrator or executor of an estate, not only have to be commenced within the time required by the probate code, but also within the time required by the general statute of limitations, particularly Sec. 104-2-38? In other words, did the legislature intend by these two separate sets of statutes of limitations, that common claims might be barred by either of them whichever expired first? Or did it intend that the general statute of limitations should apply only to claims which do not have to be presented to the administrator or executor, and that such claims which must be so presented are governed by the provisions of the probate code?

In determining the legislative intent we must give effect to all of the provisions of the statutes. Sec. 104-2-38 is a part of the general statutes of limitations, and is not a part of the probate code. If a suit on a common claim against an estate, which must be presented to the executor or administrator, must also be commenced within the time prescribed by that section, then in many cases such suits will have to be commenced before the notice to creditors has been published, and in many more cases before such claims have been acted upon by the administrator or executor. For although the statute provides that the administrator or executor must publish notice to creditors immediately after his appointment often this is not actually done until after the general statute of limitations period has expired. Also, after notice has been published and the claim has been presented administrators often do not act on them immediately, and in many cases the general statute of limitations will have run in the meantime. The statute expressely provides that suit on this kind of a claim may not be commenced without first presenting it to the executor or administrator. It is true that the claim may be presented before notice to creditors is published, and that suit may be commenced thereon if it is not approved within ten days thereafter

by the administrator or executor and the court. It is thus possible for a claimant, who knows how, to bring his suit within the time prescribed by both of these sets of statutes. But it would seem improbable that the legislature would provide a complete set of rules for the determining of claims against the estate, and for the obvious purpose of preventing suits against the estate would provide that a claim which is allowed by the administrator or executor and the judge would have the same effect as a judgment against the administrator, and then by another statute require, in many instances that suit must be commenced on such claim before the executor or administrator or the judge has ever acted thereon. The purpose of the notice to creditors would seem to be to give the creditors notice of the time within which they must present their claims. The fact that such notice is published stating definitely the time within which a claim must be presented would indicate to the ordinary person that he would be safe in waiting for such notice and presenting his claim within the time therein stated. I am therefore of the opinion that in enacting these two sets of statutes the legislature intended that the one would govern only claims which are not required to be presented and the other would control claims which must be presented to the administrator or executor before the commencement of suit thereon.

As thus construed effect is given to every provision of these statutes, an orderly and speedy method is provided for determining the validity of claims against an estate. Under such construction no one can be misled by what appears at first glance to be conflicting provisions. And as so construed these statutes are made just and workable, which of itself tends to indicate that such was the legislative intent. *Union Portland Cement Co.* v. *State Tax Commission,* 110 Utah 135, 170 P. 2d 165. It is believed that this has been the universal construction which has been placed on these statutes by both courts and lawyers in this state since they were enacted many years ago.

The Minnesota court in determining a similar question in the case of *In re Anderson's Estate*, 200 Minn. 470, 274 N. W. 621, 622, 112 A. L. R. 287, held that the general statutes of limitation do not operate to bar the filing of claims in probate proceeding. The court here said:

"The probate code is complete in itself in so far as it fixes the time within which claims against estates may be filed or barred.   *   *   *"

It is interesting to note that Mason's Minn. St. 1927, Sec. 9203, which was Minnesota's general statute of limitation dealing with suits brought by or against representatives of estates, expressly provides that it applies to those cases in which it is not necessary to present claims in probate proceedings. This statute was apparently meant to cover the same situations covered by our Sec. 104-2-38, which does not expressly provide that it apply only to cases where no claims need be presented in probate proceedings but which provision we believe is inherent in it if we are to give effect to it and also to the provisions of the Probate Code on the times when claims may be presented and action brought thereon.

The prevailing opinion says:

"The plaintiff having permitted its cause of action to be barred by both Sections 104-2-38 and 104-2-23, cannot succeed in this action unless there is a provision in the Probate Code that would revive the claim."

Under my theory of these sections of our statute there can be no question of reviving a claim that has once been barred by either of those sections of the statute. That theory is that those sections of the statute have no application to a case where a claim must be presented to the personal representative in a probate proceeding, that as to such claims the provisions of the probate code superseded the provisions of the regular statute of limitations, and therefore upon the death of the decedent where the action had not already been barred the only way it could be barred would be by the provisions of the probate code.

I concur with the conclusion in the prevailing opinion that under Section 104-2-38, U. C. A. 1943, the intention was to extend the regular statute of limitations period rather than shorten it. In fact, I think that section deals only with a period after the expiration of the regular statute of limitations period, and expressly provides in the clearest kind of language that, "an action may be commenced against" the representatives of a deceased person, "after the expiration of" the time limited for the commencement thereof and "within one year after the issue of letters," and that any other construction would do violence to the express provisions thereof.

In this section no provision is made with respect to the commencement of an action prior to the expiration of the regular statute of limitations period, nor is any mention made thereof whatsoever. It deals exclusively with the commencement of an action after the expiration of that period. Since it neither directly nor by implication shortens that period it leaves it just as it was before and therefore in all cases where the deceased dies before the expiration of that period his representative may be sued within that period.

This statute expressly provides that an action may be commenced against the representative of the deceased *after* (not within) the regular statute of limitations period, and within one year after the issuance of letters. How could that statute possibly be construed to prohibit the commencement of an action after the expiration of the regular statute of limitations period, in the face of this positive provision that such "an action may be commenced after the expiration of that time and within one year after the issue of letters?" In order to come within the express terms of that statute the action must be commenced both after the expiration of the regular statute of limitations period and also within one year after the issue of letters. The only possible time that an action could be brought under the express terms of this statute is after the regular statute of limitations period has expired and before one year had

expired after the issuance of letters. This section would have application only in cases where the expiration of one year after the issuance of letters, occurs after the expiration of the regular statute of limitations period. Thus, in cases where the expiration of the one year period after the issuance of letters occurs before the expiration of the regular statute of limitations period the case would be governed entirely by the regular statute of limitations, but in either event the creditor of the deceased estate would have not less than one year after the issuance of letters to bring suit, and in some cases a longer period.

I am well aware that a decision of this question is not required in order to dispose of this case. In my opinion the reasoning of this question does not in any way contribute to or govern the solution of the question here presented, and that what we here say on this question is merely dictum and not binding on any one in future cases. I express my opinion on this question only because of the fact that the prevailing opinion seems to create the impression that there is some ambiguity in the language of this statute on this question, and I deem it appropriate to here point out that no such ambiguity exists.