In the matter of the Estate of Olin G. Gibbs, Deceased. Bert Orr, Administrator in the State of Wyoming of the Estate of Olin G. Gibbs, Deceased,

*Respondent*

R. H. Hubbard, Administrator in the State of Colorado of the Estate of Olin G. Gibbs, Deceased

*Appellant.*

(No. 2662; March 1, 1955; 280 Pac. (2d) 556)

For the appellant, the cause was submitted upon the brief of John F. Sullivan of Laramie, Wyoming, and Robert H. Gleason of Steamboat Springs, Colorado.

For the respondent, the cause was submitted upon the brief of F. K. Dukes of Laramie, Wyoming.

## OPINION

RINER, Chief Justice.

This is an appeal from a decree of the District Court of Albany County in probate rendered and entered on February 13, 1954. The parties appear to have agreed that the facts in the case are without controversy and to the following effect:

". . . that the domicilary Estate, being administered in the Probate Court of Routt County, Colorado, is insolvent and the ancillary Estate being administered in the

Probate Court of the Second Judicial District in Wyoming is solvent. The domiciliary and ancillary Estates are both insolvent if the assets and liabilities of the deceased in both jurisdictions are considered."

The question submitted for the disposition of the Court is whether an ancillary administrator who knows that the entire estate of a deceased person (taking into consideration the assets and liabilities of both domiciliary and ancillary estates) is insolvent may properly pay the creditors of the ancillary estate the total amount of their claims when they have filed them with such ancillary administrator pursuant to due notice to creditors given as required by the laws of Wyoming (said administrator also knowing the status of the ancillary estate to be solvent) and disregard the claims of creditors filing same in the domiciliary estate which is being probated in Colorado but who have not filed them in the ancillary proceedings here.

The District Court ruled that the ancillary administrator may properly and legally do so.

It will be noted that the domiciliary administrator in Colorado is undertaking to question the action of the trial court in approving the final accounting of the ancillary administrator by instituting this appeal attacking a part of the District Court's decree of February 13, 1954, aforesaid.

From our research we are obliged to conclude that the decree of the District Court was right in thus approving the final account of the ancillary administrator as against the objections interposed by the domiiciliary administrator to such approval.

We call attention to the statements found in the texts and cases as set out below which would appear to set these matters at rest. These texts and cases for the

most part were not submitted to us by the brief of counsel for either side in the case.

We find that 34 C.J.S. 1244 on the authority of many cited decisions states that:

"It is the duty of an ancillary representative to collect all the assets of the estate within the jurisdiction of this appointment, and his right to do so is superior to that of a foreign domiciliary representative, even though the foreign representative is authorized by statute to sue in the jurisdiction, for, even where such statutes exist, it remains the universal policy to preserve local assets for the satisfaction in the first instance of local claims."

The same text at 1256 likewise says:

"It is well settled that, unless such right is given to him by statute, an executor or administrator cannot sue in his representative capacity in any state or country other than that in which his letters testamentary or administration were granted."

Our case of Security-First National Bank of Los Angeles v. King, 46 Wyo. 59, 68, 23 P.2d 851, 852, points out that:

"But we have no statute authorizing him (a foreign executor) to sue in this state."

Logically, the same rule would seem to be applicable to a foreign administrator here.

4 Bancroft's Probate Practice (2d Ed.), Section 1225, page 573, states upon the authority of numerous decisions that:

"It is accordingly the general rule in this country that, in the absence of statute, a domiciliary executor or administrator has no power to sue in his official capacity in another state "

The same text (Section 1232, page 584) also accords with 34 C.J.S., supra, in saying that:

"The property of the decedent in the state where ancilliary administration is had is primarily a fund for the payment of debts due to resident of that state. But citizens of other states are not denied the right to present their claims against the estate, whether the administration is domiciliary or ancillary.

We find also that this same text (Section 1235, page 587) indicates that:

"Ancillary administration is solely within the control of the court granting the ancillary letters, and all of the assets of the estate within the jurisdiction of such court must be accounted for to it."

And dealing with the subject of presentment of claims, this recent text remarks (Section 1233, page 586) that:

"But claims must, of course, be duly presented in order to have any right to payment in the particular jurisdiction . . . . If a claim is not presented within the period by the local statute of nonclaim, it is barred as a claim in that jurisdiction."

In the American Law Institute's Restatement of the Law on the subject Conflict of Laws, Section 498, page 604, it is said:

"The time within which a claim can be proved in a state is fixed by the law of that state."
And under comment "a" says, in part:

". . . although a claim is within the domiciliary limitation, it cannot be proved in ancillary administration if the time for filing there has elapsed."

And comment "b" continues to say:

"A claim, to be proved in administration proceedings, must be within the local statute of limitations (see § 603) as well as within the local period for proving claims in administration proceedings."

The case of Duehay v. Acacia Mutual Life Insurance Company 70 App. D.C. 245, 105 F.2d 768 124 A.L.R.

1268, resolved the question as to what law should govern the administration of the deceased's estate and the assets to be paid over to creditors. The deceased's widow was appointed by the Virginia court in Fairfax County of that State where Duehay resided at the time of his death. She was also appointed the ancillary administratrix of the estate in the District of Columbia. Debts held by Virginia creditors amounted to over $14,000. In the District of Columbia claims based upon judgments obtained against the deceased amounting to $129,000 were presented to the administratrix. The administratrix's contention was that the law of Virginia should control the payment of claims. The trial court of the District of Columbia found that payment should be governed by the law of the District which provided (124 A.L.R. 1268, 1272) :

" 'In paying the debts of a decedent, after the payment of funeral expenses according to the condition and circumstances of the deceased, not exceeding six hundred dollars, an executor or administrator shall observe the following rules: Claims for rent in arrears against deceased persons, for which an attachment might be levied by law, shall have preference. Judgments and decrees of courts in the District of Columbia shall next be wholly discharged . . . .' "

Affirming the decision of the trial court, the appellate tribunal said in part (124 A.L.R. 1268, 1273) :

"The decision of the lower court was correct. One of the principal objects of an ancillary administration is the collection and preservation of local assets for the benefit of local creditors. No state need allow property of a decedent to be taken from within its borders until debts due such creditors have been satisfied. Baker v. Baker, Eccles & Co., 242 US 394, 401, 37 S. Ct 152, 61 L. Ed 386. The long established rule is that 'in regard to creditors the administration of assets of deceased persons is to be governed altogether by the law of the country where the executor or administrator acts, and from which he derives his authority to

collect them, and not by that of the domicil of the deceased.' Hence, the method of proving claims, the priority and payment of debts, the marshalling of assets, are all matters regulated by the law of the place of appointment. This was early settled in this jurisdiction by the case of Smith v. Union Bank, 5 Pet 518, at page 524, 8 L Ed 212, where the Court adopted, for purposes of decision, the following language from Harrison v. Sterry: 'In the familiar case of the administration of the estate of a deceased person, the assets are always distributed *according to the dignity of the* debt, as regulated by the law of the country where the representative of the deceased acts, and from which he derives his power. . . . ' ' '

The Editorial Staff who prepared the note attached to the Duehay case noted at page 1292 of 124 A.L.R that:

"The Wisconsin statute providing that every person having a claim against a deceased person, proper to be allowed by the court, who should not, after notice given as required, exhibit his claim to the court within the time limited for that purpose, should be forever barred from recovering such demand or from setting off the same in any action whatever, has been held to apply to property and rights involved in an ancillary administration as well as to those in a domiciliary administration, and it was held that a creditor who fails to present his claim in an ancillary administration in Wisconsin within the time limited cannot maintain an action in that state against an heir of the decedent after the time for presenting claims has expired."

In this connection, see Sections 6-1601, 6-103, 6-109, W.C.S. 1945, as to presentment and barring of claims; these sections point out the consequences of failure to present claims as directed by the law of Wyoming.

Another Wisconsin case of similar purport with those mentioned in the note quoted above is that of Davis v. Davis, 137 Wis. 640, 119 N.W. 334, where the syllabus in 119 N.W. 334 sets forth, under law some-

what like that in Wyoming, the consequences of failure to present creditors' claims in that State:

"St. 1898, § 3840, provides for the fixing of a limitation within which creditors shall present claims against a decedent's estate after notice; and section 3844 declares that a person having a claim proper to be allowed, who fails to present the same within the time limited, shall be forever barred from maintaining an action thereon. *Held*, that section 3844 applied to nonresident as well as resident creditors, and to the property and rights involved in an ancillary administration as well as those in a domiciliary administration, at least so far as the Wisconsin courts were con cerned, and hence, where plaintiff had a claim for her husband's share in a firm against the estate of the surviving partner, such claim, though unliquidated, was subject to determination in an ancillary administration proceedings on the surviving partner's estate in Wisconsin, and plaintiff's failure to present it within the time limited, barred her right to recover thereon in Wisconsin against the distributee of the surviving partner's estate."

In Forster v. First and American National Bank of Duluth, 212 Minn. 407, 4 N.W.2d 353, 360, it was said in part that:

"Under Mason St. 1940 Supp. § 8992-107, a claim against an estate is barred absolutely unless filed in the probate court within five years after the decedent's death. After the five years the probate court has no jurisdiction to receive or allow a claim. In re Paulson's Estate, 208 Minn. 231, 293 N.W. 607; In re Borlaug's Estate, 201 Minn. 407, 276 N.W. 732; In re Andersons Estate, 200 Minn. 470, 274 N.W. 621, 112 A.L.R. 287. The provisions relative to filing claims in ancillary administration in this state apply to both resident and nonresident creditors. State ex rel. Security Trust Co. v. Probate Court, 67 Minn. 51, 69 N.W. 609, 908, supra; State ex rel. Beals v. Ramsey County Probate Court, 25 Minn. 22 supra. There was no error in denying the California judgment creditors leave to file their claims, because more than five years had elapsed since the decedent's death and the court was then with-

out power, much less discretion, to receive and allow their claims."

This case would appear to accord with the principles announced in the texts cited supra.

In the case of Michigan Trust Company v. Chafee, 73 N.D. 86, 90, 91, 11 N.W.2d 108, 149 A.L.R. 1078, it was remarked that:

"Letters testamentary or of administration have no legal force or effect beyond the territorial limits of the state in which they are granted. Whatever effect is given to them beyond the original territory of the grant is a mere matter of comity. 21 Am Jur 852, 853, Executors and Administrators; 34 CJS, pp 1232, 1245.

"It is well settled that unless such right is given by statute, an executor or administrator cannot sue, in his representative capacity, in any state or country other than that where his letters testamentary or of administration were granted. 34 CJS p. 1256; Am Law Inst Restatement, Conflict of Laws, § 507.

"Upon his appointment and qualification, an ancillary representative becomes vested with title to all assets belonging to his decedent within the jurisdiction of his appointment. As to such assets, his title supersedes that of the domiciliary representative, and it is his duty to receive and gather in such assets. 34 CJS, pp 1242, 1244; 21 Am Jur 855, Executors and Administrators."

Finally, our Court in Naab v. Smith, 55 Wyo. 181, 200, 97 P.2d 677, 684, has in general terms indicated what an ancillary executor or administrator may do with estate assets coming into his hands when in that case it was said:

"Every state has plenary jurisdiction and control of the property, real and personal, within its borders. This includes the devolution and the administration of the property of a deceased person. Warton, supra, § 605; Woerner, American Law of Administration, 3d Ed., 166; In re Holden's Estate, supra. This is subject to

constitutional provisions which may at times arise, such as that of due process. . . . A foreign representative of the estate of a deceased has no right to interfere with any such property, either by suit in this state or otherwise, except only as may be permitted by the state of the forum by statute or by the recognition of the rule of comity under the principles of conflict of laws. Warton, supra, 604; Woerner, supra, § 160; 21 Am. Jur. 855; 24 C.J. 1119-1121. If a debtor is located here, it is proper for the state to protect him, so that a payment once made by him will completely absolve him. If there are local creditors, the state should enable them to collect their debt out of property, real and personal, situate in this state. Wharton, supra, sections 606-607. It is sometimes stated that the domiciliary representative of a deceased is vested with the title to all personal property wherever situate."

It is apparent from our review of the texts and cases hereinabove set forth that the decree of the District Court of Albany County was correct, and an order of an affirmance should be entered.

*AFFIRMED.*

BLUME, J., AND HARNSBERGER, J., concur.