[L. A. No. 766.   Department Two.—December 13, 1899.]

## H. A. BARCLAY, Respondent, v. J. C. BLACKINTON, Administrator, etc., Appellant.

ESTATES OF DECEASED PERSONS—ACTION UPON WRITTEN PROMISE OF DECEDENT—STATUTE OF LIMITATIONS.—An action upon a written promise of a decedent to pay money, brought more than four years and nine months after its maturity and one year and eight months after the issuance of letters of administration, is barred by the terms of sections 337 and 353 of the Code of Civil Procedure.

ID.—STATUTORY SUSPENSION—PRESENTATION AND REJECTION OF CLAIM—RIGHT OF ACTION.—In such case, there is no statutory suspension of the right of action beyond the period of ten days after presentation of the claim, after which action may be brought as upon a rejected claim; and the limitation of one year after the issuance of letters of administration, operating to extend the general statute of limitations, cannot be further extended by the neglect of the administrator to indorse a formal rejection of the claim thereupon.

ID.—SPECIAL STATUTORY LIMITATION OF THREE MONTHS—EFFECT UPON GENERAL STATUTE.—The special statutory limitation of three months after the rejection of a claim in which to bring action thereupon, is independent of and collateral to the general statute of limitations. It may shorten, but cannot lengthen, the operation of the general statute. After a claim is barred by the general statute of limitations, it can never be allowed or made a valid claim against the estate by any act or neglect of the administrator.

APPEAL—DISMISSAL—NEW TRIAL STATEMENT—OBJECTION NOT APPEARING IN RECORD.—It is not ground for the dismissal of an appeal from a judgment and from an order denying a new trial, that the statement on the motion for the new trial and the amendments thereto were not presented and filed with the clerk in time; and where neither such fact nor objection thereto appears in the settled statement, and they appear only in a separate statement signed by the respondent, which is no part of the record,

and has no place in the transcript, the fact therein stated is not ground for disregarding the settled statement.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion.

M. W. Conkling, for Appellant.

The plaintiff's claim was barred by the general statute of limitations. (Code Civ. Proc., secs. 337, 353; *McMillan v. Hayward*, 94 Cal. 359.) There was no statutory prohibition of action exceeding ten days after presentation of the claim. (Code Civ. Proc., sec. 1396; *Cowgill v. Dinwiddie*, 98 Cal. 486; *Hintrager v. Traut*, 69 Iowa, 746; *Steel v. Steel*, 25 Pa. St. 154.) The signed statement of respondent's attorney, not embodied in the settled statement, is no part of the record upon appeal. (*People v. Bidleman*, 104 Cal. 608; *La Fetra v. Gleason*, 101 Cal. 246; *People v. Fredericks*, 106 Cal. 554.) The presentation of the claim was not the equivalent of an action under a statute like ours. (*Davis v. Hart*, 123 Cal. 384; *Reynolds v. Collins*, 3 Hill, 37; *Bucklin v. Chapin*, 1 Lans. 443.) The early cases in this state intimating an opinion to the contrary were overruled in *McMillan v. Hayward, supra.*

E. W. Camp, for Respondent.

Section 353 of the Code of Civil Procedure has no application to claims required to be presented to the administrator. (*Morrow v. Barker*, 119 Cal. 65.) Section 1498, being the special statute applicable to suits on the subject matter of action upon rejected claims, must control upon that particular subject matter. (Pol. Code, sec. 4484.) Presentation of a claim within the time limited for commencing an action stops the running of the statute; and the right to sue only comes from rejection by the administrator. (*Continental Life Ins. Co. v. Barber*, 50 Conn. 567; *Quivey v. Hall*, 19 Cal. 101; *Morrow v. Barker, supra; Beckett v. Selover*, 7 Cal. 215; 68 Am. Dec. 237; *Estate of Schroeder*, 46 Cal. 304; *Willis v. Farley*, 24 Cal. 490, 501; *Boyce v. Foote*, 19 Wis. 199 (215); *Large v. Large*, 29 Wis. 60; *Aiken v. Morse*, 104 Mass. 277.) The claimant has three months

after express rejection of the claim in which to sue thereon. (*Bank of Ukiah v. Shoemake*, 67 Cal. 148; *Cowgill v. Dinwiddie*, 98 Cal. 481.)

COOPER, C.—Judgment was rendered in the court below upon findings in favor of plaintiff and against defendant as administrator. This appeal is from the judgment and an order denying defendant's motion for a new trial. The facts are not disputed, and, so far as pertinent to the question to be here decided, are substantially as follows: On the seventeenth day of January, 1893, Mrs. S. C. McLellan made a promise in writing to pay plaintiff on said day the amount in controversy, married the defendant, and died in February, 1896, leaving the amount unpaid. On the twenty-first day of February, 1896, the defendant was appointed administrator of the estate of deceased, and on March 2, 1896, letters of administration were duly issued to him. On June 11, 1896, the plaintiff duly made out and presented his claim in writing to defendant as such administrator. The defendant kept the claim and did not notify the plaintiff of his action upon it until August 16, 1897, when he returned it with his indorsement in writing rejecting it. On the twenty-second day of October, 1897, this action was commenced. The only question to be here determined is whether or not the plaintiff's cause of action was barred by the statute of limitations at the time the action was commenced. It is provided in our code (Code Civ. Proc., sec. 337), that "an action upon any contract, obligation, or liability, founded upon an instrument in writing executed in this state," must be commenced within four years. The action was commenced more than four years and nine months after the written promise was made and due, and the cause of action was therefore barred by the statute unless within the exception of some other section of the code. It is claimed that the case is within the saving clause of the Code of Civil Procedure, section 353, which, so far as applicable here, is as follows: "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

The defendant's intestate against whom the action might have been brought died before the expiration of the time limited for the commencement thereof, and the plaintiff, under the provision of the section quoted, had one year after the issuance of letters of administration to the defendant in which to commence his action. He did not commence it within one year after the issuance of letters, but more than one year and seven months elapsed before the commencement thereof. The cause of action is, therefore, not within the saving clause of section 353, and was barred at the time the complaint was filed. In *McMillan v. Hayward*, 94 Cal. 360, it is said: "The statute had, therefore, commenced to run, and would continue to run unless the case is brought within some express exceptions of the statute, and death is not made such, further than that the suitor may in such case commence his action within one year after letters are issued. This action was commenced neither within four years after the maturity of the note, nor within one year after letters were issued. . . . . The evident purpose of section 353 is to secure to a party who has a cause of action against a decedent one year after the appointment of a legal representative within which to bring his action. This may or may not have the effect of extending the time."

In this case the time would have expired January 17, 1897, but the statute quoted extended the time to March 2, 1897, thus giving respondent one month and fifteen days more time in which to bring his action than he had under the general statute.

The opinion of the learned judge of the court below is printed by plaintiff's counsel and adopted by him as his brief. In the opinion it is said that the action was stayed by statutory prohibition under section 356 of the Code of Civil Procedure, which provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

After discussing the section quoted and sections 1496, 1498, and 1500 of the Code of Civil Procedure, the judge said: "It appears clear, therefore, that the effect of section 1500 and the other sections above quoted is to prohibit the holder of any claim against an estate from beginning any action thereon until the claim has been presented to the administrator and

rejected by him." It appears clear to us that such is not the effect of the sections quoted. Section 1496 expressly says: "If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect may, at the option of the claimant, be deemed equivalent to a rejection on the tenth day." And it has been held by this court that such action can be brought after the tenth day without any formal rejection of the claim. (*Bank of Ukiah v. Shoemake*, 67 Cal. 148; *Roddan v. Doane*, 92 Cal. 558; *Cowgill v. Dinwiddie*, 98 Cal. 481.) Therefore, plaintiff could have brought this action any time after June 21, 1896, up to March 2, 1897. It was his own laches not to have done so. The theory of the statute of limitations is that a creditor has the full statutory time, whatever that may be, on any day of which he may of his own volition commence an action. (*Hoff v. Funkenstein*, 54 Cal. 235.)

It is said that under the Code of Civil Procedure, section 1498, the plaintiff had three months after the claim was formally and officially rejected by the administrator in which to bring his action. We do not so construe the statute. The section may shorten but cannot be held to lengthen the general statute of limitations. The special limitation of time within which suit must be brought against the estates of deceased persons are called in many states statutes of nonclaim or of short or special limitation. These limitations exist independent of and collateral to the general law of limitations. (2 Woerner's American Law of Administration, sec. 400, and cases cited.)

After the second day of March, 1897, the claim was barred by the statutes of limitations, and thereafter neither the administrator nor the court had the power to allow it. On the contrary, they were expressly prohibited from doing so. (Code Civ. Proc., sec. 1499.) If it could not be allowed because barred by the statute it is difficult to conceive how it could be allowed by a rejection of it and suit brought within three months after the rejection. If it was barred by the statute when rejected, it continued to be barred when suit was brought upon it. Any other construction would enable a claim against an estate to be

CXXVII. CAL.—13

kept alive for years, or until all the witnesses were dead, simply by the neglect of the administrator to act upon it. He might forget it, or by accident or negligence mislay it, and the estate be closed and distributed, and yet under the interpretation of the statute claimed by plaintiff suit could be brought upon it and the assets taken from the heirs, though years had passed. If the contention of plaintiff is correct, the administrator by his negligence could add over seven months to the general statutes of limitation. If he could add seven, there is no reason why he could not add seven years, or any other time, in the same manner. The right of a claimant to enforce his claim under our statutes of limitations depends upon his own vigilance and is often lost by his own laches. We know of no principle that will preserve it by the carelessness or laches of the party against whom it is sought to be enforced. If the deceased had lived, and the plaintiff had presented his claim to her and demanded its payment on the eleventh day of June, 1896 (the day of its presentation to the appellant), and she had kept it and never returned it, certainly it would not be claimed that the demand or written claim, so made of her, would prevent her from pleading the statute. Was the demand or written claim made of her administrator after her death of any greater effect? In the one case suit could have been brought without making or presenting any claim; in the other a written claim is made requisite by the statute. It has been many times decided by this court that when a claim is duly presented and allowed by the administrator and the judge that it stops the running of the statute. It has never been held that the mere presentation of it has the same effect. The statute of Illinois required all claims to be exhibited against the estate within two years from the grant of letters or be forever barred. In discussing this statute the supreme court said in the case of *Reitzell v. Miller*, 25 Ill. 69: "It was not the design of the general assembly that the filing of the claim should arrest the general statute of limitations which had previously begun to run, nor to prevent it from afterward running upon a claim not due at the time of its presentation. The object of this section is to facilitate and produce speedy settlement of estates of deceased persons, and it could not have been the de-

sign to give creditors an unlimited period of time within which to establish the justice of their claims after they had been exhibited in the probate court. Such a construction would defeat the manifest intention of the enactment."

The case is cited and approved in *Morse v. Clark*, 10 Colo. 219. In *Toby v. Allen*, 3 Kan. 413, in speaking of a claim where the debtor had died, the court said: "Whether the law shall operate to bar his claim is made to depend entirely upon his own action, subject to the conduct of the debtor as to absence, concealment, payment, etc. Its operation in no event is made to depend upon the action of third persons. No matter who shall commence a suit, or who shall forbear, the operation of the statute depends wholly, subject to the exceptions above referred to, upon the action of the owner of the claim sought to be enforced."

Section 164 of the code of North Carolina is similar to section 353 of our Code of Civil Procedure. The supreme court of that state, in construing the section in *Benson v. Bennett*, 112 N. C. 507, said: "The object in view is that, when the cause of action survives and is not barred at the time of the death, there shall be at least one year after the death of the creditor, or one year after the grant of letters of administration to the personal representative of the debtor, before action is barred. This is conclusively shown by the words of the section, that if the party die before the claim is barred action may be brought after the expiration of the time limited, and within one year."

The law in its wisdom prescribes periods of limitation during which actions must be commenced against persons while living, or they will be barred. The reasons are much greater for requiring diligence in the prosecutions of claims or actions against the estates of deceased persons. It is the every-day experience of almost every lawyer that fictitious or doubtful claims are often presented against estates that never would have been presented against the party if living. The claim may have been paid and the only knowledge of such payment possessed by the deceased, whose lips are closed by death. The policy of the law is to settle up the estates of deceased persons as speedily as possible, to pay the just debts and expenses and

distribute the property to the rightful heirs or devisees. For this reason statutes are justified and upheld that shorten the period and time of presenting and bringing suits on claims against estates. The language of the supreme court of the United States in *United States v. Wiley,* 11 Wall. 513, may well be applied to respondent: "Statutes of limitations are indeed statutes of repose. They are enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time if he has the power to sue; such reasonable time is therefore defined and allowed.". In this case, the time was defined and allowed and the respondent had the power to sue. The result may be a hardship, but it is not different from any other case where the party loses through mistake or ignorance of the law. It is of much greater importance that laws should be general and uniform in their operation and enforced by uniform rules applied alike to all cases, than that a particular hardship should be averted. Plaintiff claims that the appeal should be dismissed because the statement on motion for a new trial and the amendments were not presented and filed with the clerk in time. This is no ground for the dismissal of the appeal. Neither does the case come within the rule of *Wheeler v. Karnes,* 125 Cal. 51, cited by plaintiff. The statement was settled by the judge on the tenth day of March, 1899, and there is nothing in it to show whether or not any objection was made to its settlement in any manner, nor whether any exception was taken. There is a statement printed in the transcript immediately after the settled statement as to certain objections, but it is signed by the attorney for respondent only. This is no part of the record and has no place in the transcript. (*People v. McMahon,* 124 Cal. 435.)

Even if the statement should be disregarded the facts appear from the judgment-roll.

The judgment should be reversed and the cause remanded, with directions to the court below to enter judgment on the findings in favor of appellant and in accordance with the views herein expressed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment

is reversed and the cause remanded, with directions to the court below to enter judgment on the findings in favor of appellant and in accordance with the views herein expressed.

McFarland, J., Temple, J., Henshaw, J.