[Civ. No. 42950. Second Dist., Div. One. Aug. 22, 1974.]

GENARO M. ZAPATA et al., Plaintiffs and Appellants, v. MICHAEL WAYNE MEYERS, as Administrator, etc., Defendant and Respondent.

**COUNSEL**

Masry, David, Song & Cohen and Ronald M. Cohen for Plaintiffs and Appellants.

Goldman, Goldman & Arnold, Sam Peck and Stanley R. Arnold for Defendant and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—Plaintiffs were injured in a collision with a vehicle driven by Juanita Cason, who died soon afterwards; they filed their com-

plaint on creditor's claims for personal injuries against her estate, and defendant demurred thereto on the ground it was barred by section 714, Probate Code. The demurrer was sustained without leave to amend, and an order of dismissal was entered from which this appeal was taken.

The allegations of the complaint, which we accept as true for the purpose of this proceeding (*Tringham* v. *State Board of Education*, 137 Cal. App.2d 733, 735 [290 P.2d 890]; *Kleiner* v. *Garrison*, 82 Cal.App.2d 442, 445 [187 P.2d 57]), provide these material facts: On March 18, 1972, plaintiffs were injured when the vehicle in which they were riding collided at an intersection with one being driven by Juanita Cason; Juanita Cason died on March 24, 1972, and letters of administration for her estate were issued to defendant on June 14, 1972. Plaintiffs Genaro Zapata and Goglass filed claims for personal injury in the estate on August 16, 1972; Gonzalez and Rafael Zapata filed claims on August 24, 1972. On September 12, 1972, defendant served written notice of rejection of their claims on the first two named plaintiffs; on October 10, 1972, he served written notice of rejection of their claims on the other two. Plaintiffs filed the within complaint on February 20, 1973. The demurrer was based on the ground that plaintiffs had failed to comply with the requirement of section 714, Probate Code[1]—that the complaint be filed within three months after the date plaintiffs had been served with the notices of rejection of their claims.

■ Appellants urge error in the dismissal on the basis of section 353, Code of Civil Procedure,[2] which provides that if a defendant dies while a cause of action survives, an action may be commenced against his representatives within one year after the issuance of letters, thus their complaint could have been validly filed on or before June 14, 1973. This necessitates a construction of section 714 and 353 to determine which here controls.[3] Neither party has cited, nor has our research uncovered any case factually in point.

[1]"When a claim is rejected either by the executor or administrator or by the judge, written notice of such rejection shall be given by the executor or administrator to the holder of the claim or to the person filing or presenting it, and the holder must bring suit in the proper court against the executor or administrator, within three months after the date of service of such notice if the claim is then due, or, if not, within two months after it becomes due; otherwise the claim shall be forever barred."

[2]". . . If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration, . . ."

[3]Plaintiffs also cite, without any discussion, section 340, subdivision 3, Code of Civil Procedure, which provides that actions for personal injury are subject to a one-year

In construing the legal effect of the statutes, we observe that although section 353 is patently a limitations statute, section 714 has also been interpreted to be a statute of limitations by reason of its additional provision that if an action is not brought pursuant to its requirements the claim upon which the action rests "shall be forever barred." (*Anderson* v. *McNally,* 150 Cal.App.2d 778, 783 [310 P.2d 975]; *Estate of Wilcox,* 68 Cal.App.2d 780, 785 [158 P.2d 32].) Accordingly, we agree with the conclusion reached by the trial court by analogy from the decisions of the Supreme Court in *Berger* v. *O'Hearn,* 41 Cal.2d 729 [264 P.2d 10], relied on by appellants, and *Barclay* v. *Blackinton,* 127 Cal. 189 [59 P. 834]. Although in each of these cases the court was called upon to consider the application of sections 353 and 714 (or its predecessor, § 1498, Code Civ. Proc.) in light of whether section 714 served to *extend* the period for filing an action provided in section 353, the court said in *Barclay* v. *Blackinton, supra,* 127 Cal. 189 at page 193: "It is said that under the Code of Civil Procedure, section 1498, the plaintiff had three months after the claim was formally and officially rejected by the administrator in which to bring his action. We do not so construe the statute. The *section may shorten* [italics ours] but cannot be held to lengthen the general statute of limitations. The special limitation of time within which suit must be brought against the estates of deceased persons are called in many states statutes of nonclaim or of short or special limitation. These limitations exist independent of and collateral to the general law of limitations." Similarly the court said in *Berger* v. *O'Hearn, supra,* 41 Cal.2d 729: "In *Barclay* v. *Blackinton, supra,* the decision was based upon facts identical in all material respects with those shown by the present record. It was contended that section 714 of the Probate Code (formerly Code Civ. Proc., § 1498) increased the time for suing upon a claim to three months after its rejection. After a review of the authorities in other jurisdictions, the court pointed to the prevailing rule that general statutes of limitation, and special or 'nonclaim' statutes similar to section 1498, serve different functions and operate independently of each other. (Citing 2 Woerner's American Law of Administration, § 400; see also *ibid.* [3d ed.] § 400, p. 1320.) A nonclaim statute 'may shorten but cannot be held to lengthen the general statute of limitations.' (P. 193; accord *Gray Realty Co.* v. *Robinson,* 111 Utah 521 [184 P.2d 237]; *Malone* v. *Averill,* 166 Iowa 78 [147 N.W. 135].)" (Pp. 732-733.)

Under appellants' rationale that section 353 prevails over section 714 as to the time for filing an action on a rejected claim, it could as well be

---

statute of limitations. Patently the general language of the section is merely applicable to determine when section 353 may become operative.

urged that section 353 likewise dominates over section 707, subdivision (a) Probate Code, *in pari materia* to section 714, which provides that "any claim [for damages for personal injury] not so [timely] filed or presented is barred forever," permitting an action to be taken against any estate although *no claim* had been timely filed. ■ However, as stated in *Billups* v. *Tiernan,* 11 Cal.App.3d 372, 376-377 [90 Cal.Rptr. 246]: "The filing of a probate claim is a condition precedent for initiating a tort action for personal injury allegedly caused by the negligence of the decedent (*Orth* v. *Superior Court,* 244 Cal.App.2d 474, 479 [53 Cal.Rptr. 156, 25 A.L.R.3d 1348] [citing section 707].)" In *Morrow* v. *Barker,* 119 Cal. 65 [51 P. 12], wherein a claim against an estate was filed too late under a predecessor statute to section 707 (Code Civ. Proc., § 1500), the plaintiff nevertheless brought suit after the administrator rejected the claim. The trial court sustained a demurrer and entered judgment in favor of the administrator; plaintiff appealed precisely on the ground that section 353 permitted his action even if he had not filed any claim under the provisions of then section 1500. The Supreme Court held that the claim statute prevailed over the provisions of section 353 (pp. 66-67).

*Security-First Nat. Bank* v. *Bennett,* 17 Cal.App.2d 641 [62 P.2d 798], the only other case cited by appellants, is clearly distinguishable because therein the action which was brought against seven defendants on a promissory note was commenced prior to the filing of any claim against the estate of one of the defendants who had just died. The court held that section 714 was not applicable under those facts. (P. 642.)

■ Where a complaint shows on its face that it is barred by a statute of limitations a demurrer thereto may be sustained and a dismissal entered. (*Anderson* v. *McNally, supra,* 150 Cal.App.2d 778, 783 (pertaining to an action under § 714); cf. *Bainbridge* v. *Stoner,* 16 Cal.2d 423, 431, 432 [106 P.2d 423]; *Bank of America etc. Assn.* v. *Ames,* 18 Cal.App.2d 311, 313 [63 P.2d 208].)

The order of dismissal is affirmed.

Thompson, J., and Hanson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 17, 1974.