[No. B084949. Second Dist., Div. Two. Dec. 19, 1995.]

GILBERT JOHN ANDERSON, JR., as Trustee, etc., Plaintiff and Appellant, v.
NOLAN ANDERSON, as Executor, etc., Defendant and Respondent.

136

COUNSEL

Poindexter & Doutre, William M. Poindexter and Bennett M. Sigmond for Plaintiff and Appellant.

Bird, Marella, Boxer, Wolpert & Matz, Joel E. Boxer, Thomas R. Freeman and Paul G. Stern for Defendant and Respondent.

OPINION

BRANDLIN, J.*—Gilbert John Anderson, Jr., as trustee of the Margaret K. Anderson Trust, appeals from the dismissal of his action against his brother, Nolan Anderson, as executor of the estate of their father, Gilbert J. Anderson, Sr. (Anderson Sr.) and as trustee of the Anderson Sr. living trust,

---

*Judge of the Municipal Court for the South Bay Judicial District sitting under assignment by the Chairperson of the Judicial Council.

following the trial court's sustaining respondent's demurrer on statute of limitations grounds.

Appellant's action was brought against respondent in his two representative capacities, as executor of Anderson Sr.'s estate and as trustee of his living trust. Appellant alleged that Anderson Sr., while trustee of appellant's mother's testamentary trust, had failed to provide an accounting of the trust and had improperly converted assets.

The complaint alleges the following. Anderson Sr. was named trustee of the Margaret K. Anderson testamentary trust. The trust provided that Anderson Sr. would receive the net income of the trust for life, with trust assets to be distributed to Margaret K. Anderson's three sons, including appellant and respondent, upon Anderson Sr.'s death. Instead, Anderson Sr. converted assets of the trust to his own use, and failed to account for them.

Anderson Sr. died November 29, 1990. Letters testamentary naming respondent executor of the estate were issued on August 9, 1991. Respondent is also trustee of Anderson Sr.'s living trust.

Appellant filed a creditor's claim for $5,965,000 against the estate of Anderson Sr. on December 9, 1991, alleging Anderson Sr. had breached certain duties as trustee of the testamentary trust of appellant's mother. On April 13, 1993, respondent, as executor of Anderson Sr.'s estate, served notice on appellant rejecting his creditor's claim. The notice is attached to this opinion as an exhibit.

Appellant filed the present action on July 12, 1993. Respondent demurred on the ground the action was barred by the statute of limitations set forth in former section 353, subdivision (d) of the Code of Civil Procedure.[1] The trial court sustained the demurrer without leave to amend and dismissed the action. This appeal followed.

---

[1]Code of Civil Procedure former section 353 provided in relevant part: "(b) Except as provided in subdivisions (c) and (d), if a person against whom an action may be brought on a liability of the person, whether arising in contract, tort or otherwise, dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced within one year after the date of death, and time otherwise limited for the commencement of the action does not apply. Subject to Chapter 8 (commencing with Section 9350) of Part 4 of Division 7 of the Probate Code, the time provided in this subdivision for commencement of an action is not tolled or extended for any reason.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(d) If a person against whom an action may be brought died on or after July 1, 1988, and before January 1, 1991, and before the expiration of the time limited for the commencement of the action, and the cause of action survives, an action may be commenced before the earlier of the following times: [¶] (1) January 1, 1992. [¶] (2) One year after the issuing of letters

The trial court reasoned that "the claims statutes in the Probate Code do not extend the applicable statute of limitations, except during the tolling period provided in Probate Code Section 9352(a). The Plaintiff herein had 22 days left within the limitations period to file his lawsuit when he filed his claim. The filing of the claim tolled the statute, but did not extend it." The court determined that because appellant filed his complaint more than 22 days after his claim was rejected, it is barred by the statute of limitations.

■ The parties dispute the interrelationship of two statutes, Probate Code section 9353[2] and former Code of Civil Procedure section 353. Appellant contends that section 9353 allowed him three months after notice was given to commence his action, even though the otherwise applicable limitations period (former Code Civ. Proc., § 353) would have expired sooner. Respondent takes the position that Probate Code section 9353, as a nonclaim statute, could limit, but could not extend the limitations period. Appellant also asserts that respondent is estopped to assert a limitations period shorter than three months after notice of rejection of the claim because the written notice he sent to appellant expressly stated that appellant had three months in which to bring suit.

Appellant is correct. As the trial court held, the filing of a claim tolls the statute of limitations otherwise applicable to the claim until its allowance, approval, or rejection. (Prob. Code, § 9352, subd. (a).)[3] Probate Code section 9353 expressly states that a rejected claim due at the time the notice of rejection is given is barred unless the creditor commences an action within "three months after the notice is given." The claim is barred if no action is filed within three months "regardless of whether the statute of limitations otherwise applicable to a claim will expire *before or after*" that time. (Italics added.) Since appellant filed his action within three months after notice, it is not time barred.

Because the statutory scheme has been modified since the decisions in *Berger* v. *O'Hearn* (1953) 41 Cal.2d 729, 733 [264 P.2d 10], *Barclay* v.

testamentary or of administration, or the time otherwise limited for the commencement of the action, whichever is the later time." (Stats. 1990, ch. 140, § 1, p. 1172.)

[2]Probate Code section 9353 provides: "(a) Regardless of whether the statute of limitations otherwise applicable to a claim will expire before or after the following times, a claim rejected in whole or in part is barred as to the part rejected unless, within the following times, the creditor commences an action on the claim or the matter is referred to a referee or to arbitration: [¶] (1) If the claim is due at the time the notice of rejection is given, three months after the notice is given. [¶] (2) If the claim is not due at the time the notice of rejection is given, three months after the claim becomes due. [¶] (b) The time during which there is a vacancy in the office of the personal representative shall be excluded from the period determined under subdivision (a)."

[3]Probate Code section 9352 provides in relevant part: "(a) The filing of a claim tolls the statute of limitations otherwise applicable to the claim until allowance, approval, or rejection."

*Blackinton* (1899) 127 Cal. 189 [59 P. 834], and *Zapata* v. *Meyers* (1974) 41 Cal.App.3d 268, 271 [115 Cal.Rptr. 854], respondent's reliance upon those cases is unavailing. In *Barclay* v. *Blackinton, supra,* a creditor presented a claim against an estate, and the administrator did not respond. The creditor filed an action more than one year after the issuance of letters of administration and after the general statute of limitations had run. Our Supreme Court held that the action was barred because the nonclaim statute (then section 1498 of the Code of Civil Procedure), which required that suit be brought within three months of notice of rejection of a claim "may shorten but cannot be held to lengthen the general statute of limitations." (*Barclay* v. *Blackinton, supra,* 127 Cal. at p. 193.) In *Berger* v. *O'Hearn, supra,* a creditor filed a claim against an estate, and the administrator rejected the claim three years later. The creditor then filed suit within three months of rejection. The court, relying upon *Barclay* v. *Blackinton, supra,* held that the three-month nonclaim requirement (then section 714 of the Probate Code) did not extend the limitations period. *Zapata* v. *Meyers, supra,* 41 Cal.App.3d at page 268, is also distinguishable. There the action was not filed within three months after formal rejection of the claim.

The statement that a nonclaim statute "may shorten but cannot be held to lengthen the general statute of limitations" (*Barclay* v. *Blackinton, supra,* 127 Cal. at p. 193; *Berger* v. *O'Hearn, supra,* 41 Cal.2d at p. 733) was based upon the principle that the nonclaim statute operates independently from the general statute of limitations. That is, the filing of a claim with the administrator does not toll the general limitations period, which continues to run independently and may cut off the claimant's rights prior to rejection of the claim. That statutory scheme no longer exists.

In 1987, the Legislature added former sections 9253 and 9257 to the Probate Code[4], which provided both that the filing of a claim with the administrator would toll the general statute of limitations and also that "[w]hether the statute of limitations otherwise applicable to a claim will expire before or after the time prescribed in Section 9257 [three months after notice is given] an action on a rejected claim shall be commenced within the

---

[4]Probate Code former section 9253 provided in relevant part: "(a) The filing of a claim tolls the statute of limitations otherwise applicable to the claim until notice of allowance, approval, or rejection.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(d) Whether the statute of limitations otherwise applicable to a claim will expire before or after the time prescribed in Section 9257, an action on a rejected claim shall be commenced within the time prescribed in Section 9257." Section 9257 provided in relevant part: "(a) A rejected claim is barred unless the creditor brings an action on the claim or the matter is referred to a referee or to arbitration within the following times, . . . : [¶] (1) If the claim is due at the time the notice of rejection is given, three months after the notice is given." (Stats. 1987, ch. 923, § 93, pp. 3022-3023.)

time prescribed in Section 9257." At the same time it enacted section 9250 of the Probate Code, which requires the personal representative to include in the rejection of a claim "A statement that the creditor has three months in which to act on a rejected claim." (Prob. Code, § 9250, subd. (c)(8).) In recommending these provisions in January 1987, the California Law Revision Commission stated, "The proposed legislation . . . provid[es] that the decedent's death extends the statute of limitations until one year after the date of death, and the filing of a claim tolls the statute until rejection of the claim. Thereafter, the creditor has three months within which to bring an action, regardless of the time otherwise remaining on the statute of limitations."[5] (19 Cal. Law Revision Com. Rep. (1988) p. 307; and see 12 Witkin, Summary of Cal. Law (9th ed. 1990) § 607, p. 635.) These provisions are now contained in sections 9250, 9352, and 9353 of the Probate Code. Thus, the general statute of limitations and the nonclaim statute no longer operate independently. We find nothing in the cases relied upon by respondent which requires us to disregard the language of the statutes.

Respondent contends former section 353, subdivision (d) of the Code of Civil Procedure prescribed an unqualified limitations period without tolling. This contention, which was rejected by the trial court, fails. Subdivision (b) of section 353 provided a one-year limitations period after the date of death for decedents dying on or after the effective date of the statute, January 1, 1991, and expressly provided that the period is subject to chapter 8 of the creditors' claims provisions of the Probate Code. Subdivision (d) of section 353 of the Code of Civil Procedure provided for a limitations period of one year from issuance of letters or until the otherwise applicable statute ran, up until January 1, 1992, for decedents dying before January 1, 1991, without explicit reference to the claims provisions. However, section 1000 of the Probate Code provides that "Except to the extent that this code provides applicable rules," the rules of practice of the Code of Civil Procedure apply in "proceedings under the Probate Code." Certainly, the creditor claims procedures are proceedings under the Probate Code, and the specific tolling provisions apply. Absent some more obvious statement of intent, the failure to repeat the second sentence of subdivision (b) in subdivision (d) cannot be taken to change that rule.

It is thus unnecessary to rule on appellant's argument that respondent is estopped from raising the statute of limitations as a defense, having notified appellant of rejection of the claim on a Judicial Council form which stated in two places that appellant had three months in which to file an action on the rejected claim.

---

[5] Following respondent's filing a supplemental brief regarding legislative history and oral argument, the parties submitted additional briefing on the issue of legislative history.

The judgment appealed from is reversed. Costs to appellant.

Boren, P. J., and Fukuto, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 29, 1996. Baxter, J., was of the opinion that the petition should be granted.

APPENDIX

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address): | TELEPHONE NO. (310) 470-6010 | FOR COURT USE ONLY |
|---|---|---|
| Hoffman, Sabban & Watenmaker A Professional Corporation 10880 Wilshire Boulevard, Suite 2200 Los Angeles, CA 90024 ATTORNEY FOR (Name): Executor | | Personal representative's allowance or rejection filed .................. (date) (Deputy) |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

☐ No court approval required

☐ Presented to court for approval or rejection
.................. (date) (Deputy)

ESTATE OF (NAME): Gilbert J. Anderson, Sr., aka Gilbert John Anderson, aka Gilbert J. Anderson, aka Gilbert Anderson, aka Andy Gasket DECEDENT

| ALLOWANCE OR REJECTION OF CREDITOR'S CLAIM (for estate administration proceedings filed after June 30, 1988) | CASE NUMBER. BP 009 173 |
|---|---|

NOTE: Attach a copy of the creditor's claim

### PERSONAL REPRESENTATIVE'S ALLOWANCE OR REJECTION

1. Name of creditor (specify): Gilbert J. Anderson, Jr., an individual and as Trustee of the Margaret K. Anderson Trust
2. The claim was filed on (date): On or about 12/10/91
3. Date of first issuance of letters: 8/9/91
4. Date of Notice of Administration: 10/16/91
5. Date of decedent's death: 11/29/90
6. Estimated value of estate: $176,770.38
7. Total amount of the claim: $5,965,000.00
8. ☐ Claim is allowed for: $ *(The court must approve certain claims before they are paid.)*
9. ☒ Claim is rejected for: $5,965,000.00 *(A creditor has three months to act on a rejected claim. See box below.)*
10. Notice of allowance or rejection given on (date):
11. ☒ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act.

Date 4/6/93

Nolan Anderson, . . . . . . . . . . . . .
(TYPE OR PRINT NAME)

(SIGNATURE OF PERSONAL REPRESENTATIVE)

REJECTED CLAIMS: From the date notice of rejection is given, the creditor must act on the rejected claim (e.g., file a lawsuit) as follows:
a. Claim due: within three months after the notice of rejection.
b. Claim not due: within three months after the claim becomes due.

### COURT'S APPROVAL OR REJECTION

12. ☐ Approved for: $

13. ☐ Rejected for: $

Date:

► _____

SIGNATURE OF ☐ JUDGE ☐ COMMISSIONER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT.

14. ☐ Number of pages attached:

(Proof of Service on reverse)

000046

Form Approved by the Judicial Council of California DE-174 [New July 1, 1988]

ALLOWANCE OR REJECTION OF CREDITOR'S CLAIM (Probate)

Probate Code, §§ 9000 et seq., 9250

EXHIBIT D