95 Cal.Rptr.2d 172 (2000)
80 Cal.App.4th 302
Diana BONTÁ, as Director, etc., Plaintiff and Appellant,
v.
Susan Lynn BAKER, as Trustee, etc., et al., Defendants and Respondents.
No. D033234.
Court of Appeal, Fourth District, Division One.
April 27, 2000.
As Modified May 18, 2000.
Ordered Not Officially Published November 1, 2000.[*]
*173 Bill Lockyer, Attorney General, Charlton G. Holland III, Assistant Attorney General, John H. Sanders and Susan A. Nelson, Deputy Attorneys General, for Plaintiff and Appellant.
William L. Conti, Oceanside, for Defendants and Respondents.
WORK, Acting P.J.
Diana Bontá as Director of the California Department of Health Services (Department), appeals a judgment denying Department's action to recover $46,304.67 in Medi-Cal moneys (Prob.Code,[1] § 19255, subd. (a)(1)) from a decedent's trust estate and from its individual distributees.
Department contends the court erred in concluding that service of the trustee's notice of rejection alone triggered the 90-day period within which Department was required to file suit in light of section 19251, subdivision (a)'s provision that a trustee is to file any notice of allowance or rejection with the court clerk. We conclude the service of a notice of rejection in proper form commences the 90-day statute of limitations even though the filing of the rejection with the county clerk occurs later, so the court correctly concluded Department's action against the trust was not timely filed. We also conclude Department's action against the estate's distributees became barred when its action against the estate was denied. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
Between January 5 and July 2, 1996, the Medi-Cal program paid a total of $46,304.67 in health care services for decedent, Erma M. Peters. At her death, Peters's trust included real property valued at approximately $47,806, and cash in one or more accounts. Her daughter Susan Lynn Baker was the trustee. On October 3, the trustee's attorney mailed notice of death to the Director of the State Department of Health Services who received it on or about October 9. On January 15, 1997, the Director served a preferred creditor's claim on trustee's attorney. On August 22, trustee's attorney served an unfiled copy of a written rejection of the creditor's claim on the Director by first class mail. On August 25, the superior court clerk stamped the written rejection "Filed." Thereafter, the clerk stamped "File Stamp Cancelled" over the "Filed" stamp for failure to pay the required filing fee. On October 21, in response to a search request by the Attorney General's Sacramento office, the clerk attested no probate filing was found for decedent from January 1, 1974, to October 21, 1997. On November 21, the written rejection was stamped "Filed" by the clerk. On December 2, trustee's attorney transmitted a copy of the written rejection file stamped *174 on November 21, to the Attorney General's Sacramento office. Department's complaint was filed on January 14, 1998, seeking to enforce its right to recover reimbursement for moneys due from the trust and from two distributees of the trust estate.

DISCUSSION

I
The parties agree the governing statute is section 19255, subdivision (a)(1) which states: "A rejected claim is barred as to the part rejected unless the claimant brings an action on the claim or the matter is referred to a referee or to arbitration within the following times, excluding any time during which there is a vacancy in the office of the trustee: [¶] (1) If the claim is due at the time of giving the notice of rejection, 90 days after notice is given," (Italics added.) Regarding notice, section 19251, subdivision (a) provides: "Any allowance or rejection shall be in writing. The trustee shall file the allowance or rejection with the court clerk and give notice to the claimant, together with a copy of the allowance or rejection, as provided in Section 1215."
The parties' dispute arises from their disagreement over the proper application of this statute to the following factual scenario.
The trustee gave Department written notice of rejection on August 26, 1997, clearly citing the 90-day limit within which any Department action on its rejected claim had to be brought. The notice of rejection had not been filed with the court clerk before mailing, but was filed and file-stamped on August 25, 1997, the day before Department received its copy. That file stamp was expunged (apparently because no filing fee had been deposited) and the notice was not refiled until November 21, 1997. Department's suit was filed more than 90 days after notice of rejection was given to it but fewer than 90 days after notice of rejection was filed with the court.

II
Department contends the time for filing its actions was tolled from the time it filed its creditors' claim (§ 19253, subd. (b)) until the trustee properly filed its notice of rejection with the clerk. Focusing on the language of section 19251, subdivision (a), Department argues the tolling initiated when it filed its notice of claim is not lifted until trustee both had served it with written notice and had legally filed that notice with the court clerk. However, the trial court agreed with the trustee's interpretation that the intent of section 19251 is to insure that a creditor is fully alerted to the fact its claim has been rejected in whole or in part, and of the statutory time to file appropriate legal actions. It concluded the filing of the notice with the court clerk was not a necessary predicate to trigger the statute of limitation. We concur with the trial court's view.
Although we have found no cases interpreting section 19251 regarding the specific issue presented, we note it is analogous to that addressed in Lobrovich v. Georgison (1956) 144 Cal.App.2d 567, 301 P.2d 460. There, the court concluded that an executor's failure to file a notice of rejection with the county clerk as required by former section 710[2] did not extend (or toll) the three months in which the creditor was required to file an action after being notified in writing of the rejection. (Lobrovich v. Georgison, supra, 144 Cal.App.2d at pp. 570-571, 301 P.2d 460.) The court *175 noted the limitation period was in a separate section and specified the period began on the date of written notice of rejection to claimant. Here, also, the applicable limitation provision is separately stated in section 19255, subdivision (a)(1) as "[i]f the claim is due at the time of giving the notice of rejection, 90 days after the notice is given." There is no ambiguity; service of the written notice of rejection on a creditor itself triggers the 90 days within which an action must be filed to avoid the bar of section 19255, subdivision (a). Having been on actual notice the trustee had rejected its claim from August 26, 1997, the trial court correctly found the Department's complaint filed more than 90 days later, was time-barred.

III
However, the foregoing does not end our inquiry. Department's complaint also asks judgment against both Janet Hansen, decedent's other daughter, and the trustee in their individual capacities as "recipients" of the decedent's property pursuant to section 19203, which gives public entities the right to have their claims against a trust satisfied from property distributed to beneficiaries before the time has expired within which the public entity may file its claim.[3]
Characterizing its cause of action pursuant to section 19203 as being separate from its rights against the trust estate itself, Department contends the 90-day statute of limitations for action on claims against the trustee in section 19255, subdivision (a)(1) does not apply to actions against the distributees. Department notes that section 19203 provides actions to recover trust property which has been distributed within the time during which it was entitled to file its claim against the trustee, is subject to Code of Civil Procedure section 366.2. That section permits claimants to bring actions for a period of one year from the date of death for all actions except those subject to the more limited periods established in the Probate Code for claims against the trust itself. Because it applies to cases where there is no claims filing requirement, the one-year statute is referred to as a nonclaim limitation as opposed to the claims limitations imposed for actions to be brought only after filing of formal claims.
Although Department's action was not filed within one year from the trustor's death, Department relies on a tolling provision applicable to the nonclaim statute. Pursuant to section 19253, subdivision (b), an action subject to the time limit in Code of Civil Procedure section 366.2 is tolled from the time a creditor's claim is filed until the trustee gives notice of rejection. Thus, Department contends that even if he notice of rejection is deemed to have been filed by August 26, 1997, the period between January 15, 1997 (the date it filed its claim), and August 26 has to be excluded from the one-year computation. However, we conclude the legislative scheme does not create separate rights of action against the distributees so as to permit recovery pursuant to section 19203 when a creditor has failed to establish its right after bringing an action against a decedent's trust.
Department cites two decisions it claims support its argument that section 19203 gives it a totally independent right of action against the distributees that is not affected by its ability to establish its right to recover through an action against the trust estate. Its reference to Estate of Starkweather (1998) 64 Cal.App.4th 580, 75 Cal.Rptr.2d 766 is neither factually nor legally relevant to the dispute here. The other decision, Bradley v. Breen (1999) 73 Cal.App.4th 798, 86 Cal.Rptr.2d 726, is relevant only to the extent it holds that an *176 otherwise applicable nonclaim statute of limitations period is tolled during the period between the filing of a notice of claim and the service of a notice of rejection. (Id. at pp. 802-803, 86 Cal.Rptr.2d 726, citing Anderson v. Anderson (1995) 41 Cal. App.4th 135, 138, 48 Cal.Rptr.2d 642).
Although neither Starkweather nor Bradley attempt to address the critical issue in our dispute, the discussion in Anderson is significant. There, the court concluded there is an interrelationship between nonclaim statutes of limitation and those specific to Probate Code claims. It determined that a creditor's claim is barred if no action is filed within the three months specific to claims actions, regardless whether an otherwise applicable nonclaim statute of limitations would not expire until later. Here, there is no contention that the one-year limitation of Code of Civil Procedure section 366.2, even as tolled, applies to the claim against the trustee. That is, Department at least tacitly recognizes there is an interrelationship between the specific limitations set forth in the Probate Code and the nonclaim statute. However, it fails to recognize any such interrelationship as to its actions against the individual distributees. Because we conclude there is an interrelationship between the nonclaim statute of limitations and the Probate Code claims limitations, as analyzed in Anderson, we review the statutory scheme in light of our facts and the apparent legislative intent.
The assets of a revocable trust are subject to claims of decedent's creditors. (§ 19001, subd. (a).) Proof of such claims and entitlement to recover the same in cases where the trustee elects not to open a formal probate estate, but does give direct notice to a creditor, requires the creditor to timely file its claim and, if rejected, file a timely action within 90 days to determine whether its claim is valid. This statutory procedure contemplates a judicial resolution of liability in an action to be defended by the trustee. If the adjudication establishes claimant's rights against the trust but preliminary distributions have depleted it so that its remaining assets cannot satisfy the judgment, the distributees remain personally liable for the deficit in the proportions outlined in section 19402, subdivision (b). (§ 19400.) Since the extent of a distributee's liability depends on the amount by which the remaining trust assets are inadequate to satisfy creditors' adjudicated claims against the trust estate, it logically follows that when a claimant's action seeking to adjudicate its rights against the trust estate is dismissed as time-barred, it retains no independent right of action against the distributees. That is, when a creditor has the opportunity to establish the liability of a trustee by proving the trustor's obligations at time of death, the premature distributees' liability to satisfy a creditor's claim arises only after the decedent's liability first has been established. Here, the time frame for that determination expired when Department failed to file timely its action against the trustee after receiving proper notices. Any premature distribution had no effect on Department's ability to timely file its action and its subsequent inability to obtain a judicial decision on the merits of its claim. There is no logical reason why the fortuity of a premature property distribution should permit Department to avoid the statutory sanction for its late filing against the trustee. This conclusion appears to be statutorily recognized in section 19253, subdivision (d), which provides: "Notwithstanding the statute of limitations otherwise applicable to a claim, if an action on a rejected claim is not commenced ... within the time prescribed in section 19255, it is forever barred."

DISPOSITION
The judgment is affirmed.
BENKE, J., and McDONALD, J., concur.
NOTES
[*] The Supreme Court ordered that the opinion be not officially published. (See California Rules of Court Rules 976 and 977.)
[1] All statutory references are to the Probate Code unless otherwise specified.
[2] Former section 710 provided in pertinent part: "When a claim is filed with the clerk before being presented to the executor or administrator, it shall be filed in duplicate. The clerk shall immediately deliver or mail to the executor or administrator, when appointed, or his attorney, one of the duplicates of the claim. The executor or administrator must allow or reject it, and his allowance or rejection must be in writing and filed with the clerk."
[3] Although the complaint alleges trust property was transferred to Hansen during the four months in which it was entitled to file its claim (§ 19202, subd. (b)), no such allegation is made as to the trustee and, as to her, it appears the complaint fails to state any cause of action at all.