Filed 10/7/19

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| Estate of RICHARD EDSON HOLDAWAY, Deceased. | |
| PATRICIA C. EVERETT, Petitioner and Appellant, v. RICHARD EVERETT HOLDAWAY, as Personal Representative, etc., Defendant and Respondent. | E070918 (Super.Ct.No. PROPS1400479) OPINION |

APPEAL from the Superior Court of San Bernardino County. Cynthia Ann Ludvigsen, Judge. Reversed.

Hartnell Law Group, Bryan C. Hartnell and George S. Theios, for Petitioner and Appellant.

Robbins & Holdaway and Diane E. Robbins for Defendant and Respondent.

Petitioner and appellant Patricia C. Everett (Everett) filed a creditor's claim against the estate of Richard Edison Holdaway, seeking repayment of sums she contends the decedent had owed her. When filed, the claim was timely and tolled the statute of

limitations for actions against a decedent, Code of Civil Procedure section 366.2.  The son of the decedent, defendant and respondent Richard Everett Holdaway (Holdaway), in his capacity as the personal representative of the estate, rejected Everett's claim, leading to Everett's filing a "Complaint for Damages on Rejected Creditor's Claim" (complaint).  In this appeal, Everett challenges the trial court's order sustaining without leave to amend Holdaway's demurrer to her complaint on the ground that the claim was barred by section 366.2.

Under the Probate Code, Everett's timely filing of her creditor's claim tolled the statute of limitations until Holdaway acted to reject the claim.  As an issue of first impression, we hold that the trial court's dismissal of Everett's own petition to be appointed as a representative of the estate did not terminate the tolling of the statute of limitations triggered by her claim.  We therefore reverse the judgment, finding that Code of Civil Procedure section 366.2 does not bar Everett's complaint, and that Everett should have been granted leave to amend her complaint to attempt to cure other deficiencies.

## I.  BACKGROUND

The decedent died on June 13, 2013.  On June 11, 2014, Everett filed a petition for probate and creditor's claim seeking $90,875.  The claim was based on (1) four loans to the decedent, totaling $25,200; (2) unspecified "in-home services" she provided to the decedent, valued at $24,000; (3) unspecified "in-home expenses" of $17,675 she incurred on the decedent's behalf; and (4) "certain property" owned by Everett in the possession of the decedent at the time of his death, valued at $24,000.

2

After five continuances requested by Everett's counsel, in March 2015 the trial court issued an order to show cause why the petition should not be dismissed for failure to prosecute. On May 7, 2015, the trial court ordered the case "dismissed without prejudice as to [the] entire action" for failure to prosecute. (Capitalization omitted.)

In December 2015, Everett filed another petition for probate with the trial court under the same case number as her previous petition. In May 2016, Holdaway, who is the decedent's son, filed a competing petition for probate. The competing petition stated that the decedent had died testate, and attached an attested and subscribed will that left all the property to a family trust he had established. The will nominated the decedent's wife or, in the alternative, Holdaway, as executor. In October 2016, the trial court granted Holdaway's competing petition, dismissed Everett's petition, appointed Holdaway as the personal representative of decedent's estate, and admitted the will. There were no objections to these rulings, and the court noted that the dismissal of Everett's petition was "by agreement" of the parties.

On March 10, 2017, Holdaway formally rejected Everett's creditor's claim against the estate. On May 19, 2017, Everett filed her complaint challenging the rejection, seeking damages in the amount of the claim, $90,875.

Holdaway demurred to the complaint, arguing among other things that it was time barred under Code of Civil Procedure section 366.2, and that in any case it was barred by other statutes of limitations. The trial court sustained Holdaway's demurrer without leave to amend.

## II. DISCUSSION

A. *Standard of Review*

On appeal from a judgment based on an order sustaining a demurrer, we assume all the facts alleged in the complaint are true.  (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 528.)  We accept all properly pleaded material facts but not contentions, deductions, or conclusions of fact or law.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)

We determine de novo whether the complaint alleges facts sufficient to state a cause of action under any legal theory.  (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.)  "'Where the complaint's allegations or judicially noticeable facts reveal the existence of an affirmative defense, the "plaintiff must 'plead around' the defense, by alleging specific facts that would avoid the apparent defense.  Absent such allegations, the complaint is subject to demurrer for failure to state a cause of action . . . ."'"  (*Doe II v. MySpace, Inc.* (2009) 175 Cal.App.4th 561, 566.)  We read the complaint as a whole and its parts in their context to give the complaint a reasonable interpretation.  (*Evans v. City of Berkeley, supra*, 38 Cal.4th at p. 6.)

When a trial court has sustained a demurrer without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm."  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  "The burden of proving such reasonable possibility is squarely on the plaintiff."  (*Ibid.*)

4

"[U]nless failure to grant leave to amend was an abuse of discretion, the appellate court must affirm the judgment if it is correct on any theory." (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)

B.  *Analysis*

Everett contends that her complaint is not time barred because (1) the statute of limitations was tolled from June 11, 2014, when she filed her creditor's claim, until the claim was formally rejected by Holdaway on March 10, 2017; and (2) she filed her complaint within 90 days of March 10, 2017.  We agree with this analysis.

Upon a person's death, Code of Civil Procedure section 366.2 "provides for an outside time limit of one year for filing any type of claim against a decedent."[1]  (*Dobler v. Arluk Medical Center Industrial Group, Inc.* (2001) 89 Cal.App.4th 530, 535.)  The one-year limitations period is tolled by, among other things, the timely filing of a creditor's claim.  (Code Civ. Proc., § 366.2, subd. (b)(2); Prob. Code, § 9100.)  "Thus, if a claim is timely filed in the probate proceedings, it remains timely filed even though the representative or court acts on a claim by allowing, approving or rejecting the claim

---

[1]  Code of Civil Procedure section 366.2 states in relevant part as follows:
"(a)  If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.
"(b)  The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in any of the following, where applicable:  [¶] . . . [¶]
"(2)  Part 4 (commencing with Section 9000) of Division 7 of the Probate Code (creditor claims in administration of estates of decedents)."

outside the limitations period." (*Dobler, supra*, at p. 535; see Prob. Code, §§ 9102, 9352.)  A creditor of a decedent is entitled to petition for probate, and may do so to open probate proceedings in which his or her claim can be filed to toll the statute of limitations.  (Prob. Code, §§ 48, 8000.)

Here, there is no dispute that Everett filed her claim within the Code of Civil Procedure section 366.2 limitations period, submitting it along with her petition for probate two days shy of a year after the decedent's death.  Pursuant to Probate Code section 9352, Everett's timely filing of her claim tolled the statute of limitations "until allowance, approval, or rejection." (Prob. Code, § 9352, subd. (a).)  Thereafter, no action was taken on Everett's claim until March 10, 2017, when Holdaway, having been appointed personal representative of the estate, formally rejected it.  Pursuant to Probate Code section 9352, the one-year limitations period on Everett's claim remained tolled until that rejection.

Holdaway contends that the one-year limitations period recommenced when Everett's petition for probate was dismissed on May 7, 2015, and that it expired two days later.  This is tantamount to arguing that the dismissal of Everett's petition constitutes a "rejection" of her claim pursuant to Probate Code 9352.  Holdaway cites no case authority requiring that the court's dismissal of Everett's *petition* be equated with the dismissal or rejection of her filed creditor's *claim*, and we have discovered none.  Both the statutory structure and case authority indicate that the power to reject a claim under Probate Code section 9352 is that of the personal representative appointed by the court, not the court itself.  For example, in *Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509,

6

546, the Court of Appeal commented: "We do not doubt that the probate court possesses broad powers with respect to the administration of a decedent's estate, but those powers must be exercised within the procedural framework laid out in the governing statutes. We find nothing in the code authorizing the court to extinguish the claim of a claimant on the mere stipulation of other persons interested in the estate. In general, the court's powers over the administration of an estate are exercised by authorizing or approving acts of a personal representative who has been vested with authority to act for and on behalf of the estate. [Probate Code citations.] With respect to claims, the personal representative's power begins and ends with allowing or rejecting them. [Probate Code citation.] His rejection does not extinguish the claimant's substantive rights and the probate court has no power to do so on the personal representative's mere request. Rather the claimant is entitled to pursue the rejected claim in a civil suit against the personal representative." There may be situations where a court may terminate the tolling worked by a creditor's claim by dismissing it pursuant to its general power to oversee court proceedings. (See *Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915 [court has "limited, inherent discretionary power to dismiss claims with prejudice"].) But we need not explore those situations here, where we conclude that the dismissal without prejudice of Everett's petition did not dismiss the claim.

Everett's creditor's claim was filed before a personal representative was appointed. But the Probate Code requires only that a creditor's claim be "filed with the court." (Prob. Code, § 9150, subd. (b).) The claim must be served on the personal representative "within the later of 30 days of the filing of the claim or four months after

7

letters issue to a personal representative with general powers." (Prob. Code, § 9150, subd. (c).) The latter clause in this provision allows for a representative appointed after the claim is filed, and nowhere has Holdaway contended that the service requirement was not satisfied.

There is some superficial appeal to Holdaway's argument that the dismissal of Everett's petition also terminated the tolling worked by her claim, as the court dismissed her petition to administer the estate due to her own counsel's failure to discharge an order to show cause. Moreover, that petition was the first and only petition pending at the time. However, the view that the dismissal of the sole pending petition in a probate case terminates the tolling worked by a timely filed creditor's claim would apply as well where the dismissal was of *someone else's* petition due to *their* lack of diligence. We thus believe more is required to dismiss a creditor's claim than the dismissal of the petition for probate, whoever has filed it. A timely filed creditor's claim tolls the Code of Civil Procedure section 366.2 statute of limitations until it is acted on by the personal representative in accord with Probate Code section 9352, or perhaps until the trial court employs its supervisory powers to articulate a specific reason why that claim (as opposed to any petition seeking appointment as personal representative) is dismissed.

In the alternative, Holdaway argues that Everett did not timely file suit following the rejection of her claim. He acknowledges that Probate Code section 9353 allows a period of 90 days for a creditor to bring suit after the rejection of her claim.[2] Citing a treatise (Borden et al., 2 California Decedent Estate Practice (Cont.Ed.Bar 2019 Update) § 14.78), he contends this additional 90-day limitations period does not toll or extend the one-year limitations period provided by Code of Civil Procedure section 366.2. On this view, Everett had only two days to file suit after the rejection of her claim, so her complaint, filed about two months after the rejection, is time barred.

However, as discussed in *Anderson v. Anderson* (1995) 41 Cal.App.4th 135, the interpretation that Holdaway advocates has not been the rule since 1987, when the statutory scheme pertaining to limitations on actions for liabilities of a decedent was amended.[3] (*Id.* at pp. 138-140.) Under the current statutory scheme, the filing of a claim tolls the underlying statute of limitations until the creditor's claim has been rejected, and

---

[2] Probate Code section 9353 states as follows:
"(a) Regardless of whether the statute of limitations otherwise applicable to a claim will expire before or after the following times, a claim rejected in whole or in part is barred as to the part rejected unless, within the following times, the creditor commences an action on the claim or the matter is referred to a referee or to arbitration:
 "(1) If the claim is due at the time the notice of rejection is given, 90 days after the notice is given.
 "(2) If the claim is not due at the time the notice of rejection is given, 90 days after the claim becomes due.
"(b) The time during which there is a vacancy in the office of the personal representative shall be excluded from the period determined under subdivision (a)."

[3] *Anderson* analyzed Probate Code section 9353 and Code of Civil Procedure former section 353 (the substantively identical predecessor of Code Civ. Proc., § 366.2). (*Anderson v. Anderson*, *supra*, 41 Cal.App.4th at pp. 138-140.)

9

after rejection, "'the creditor has three months within which to bring an action, regardless of the time otherwise remaining on the statute of limitations.' [Citations.]" (*Id.* at p. 140.) Neither Holdaway, nor the treatise he relies on, acknowledges *Anderson*'s holding, let alone attempts a reasoned argument why it is distinguishable or incorrect. We will follow *Anderson*, and conclude that Everett timely filed suit after the rejection of her claim.

Holdaway more persuasively argues that, even if Everett's creditor's claim is not barred by the statutes of limitations applicable to probate matters, her complaint is uncertain in many respects, and also any action is barred by the statutes of limitations applicable to the alleged debts. He notes that the complaint does not specify anything about the "certain property" of Everett's that was in the decedent's possession when he died, and the alleged "in-home services" and "in-home expenses" are similarly vague. According to the complaint, the alleged loans date from as early as January 1997, "In-Home Services" were provided between January 2012 and May 2013, and the "In-Home Expenses" were incurred between January and October 2012. No date is associated with her claim for "personal property." Everett's current complaint, therefore, is at least arguably uncertain, and certainly fails to plead around the apparent statute of limitations defenses to at least some of her claims. (See *Doe II v. MySpace, Inc.*, *supra,* 175 Cal.App.4th at p. 566; see also Code Civ. Proc., § 337 [four-year statute of limitations for action on a written contract; Code Civ. Proc., § 338, subd. (c) [three-year statute of limitations for action for action regarding personal property]; *id.*, § 339 [two-year statute of limitations for action on an oral contract].)

It is conceivable, however, that Everett could plead around these issues. There is some indication in the record, for example, that Everett may be able to allege that she and the decedent agreed to defer repayment of at least some of the loans well past the originally agreed-upon dates. There is no apparent reason why Everett could not amend her complaint to add more detail, to resolve any uncertainty. In these circumstances, we find a reasonable possibility that amendment could cure at least some of the complaint's defects. It is appropriate, therefore, to allow Everett an opportunity to amend her complaint. (*Blank v. Kirwan*, *supra*, 39 Cal.3d 311, 318.)

## III. DISPOSITION

The judgment is reversed, and the case is remanded to the trial court with directions (1) to vacate its order sustaining the demurrer without leave to amend, and (2) to enter a new order sustaining the demurrer *with* leave to amend. Everett is awarded costs on appeal.

CERTIFIED FOR PUBLICATION

                                                            RAPHAEL
                                                                              J.
We concur:


        FIELDS
                          Acting P. J.

        MENETREZ
                          J.

11